M'CLEOD (SMITH v.). See Case No. 13,073.

McCLERY (LOWE v.). See Case No. 8,566.

## Case No. 8,698.

### McCLINTICK v. CUMMINS.

[2 McLean, 98.] [2]

Circuit Court, D. Indiana. May Term, 1840.

NOTES — FRAUDULENTLY OBTAINED — ASSIGNEE— FOR VALUE—PRACTICE—GENERAL ISSUE—AFFIDAVIT.

1. If the maker of a note prove that it was fraudulently obtained, the plaintiff, being assignee, is bound to show that the note was assigned to him for a valuable consideration.

[Cited in First Nat. Bank v. Green, 43 N. Y. 301; Hazard v. Spencer, 17 R. I. 563, 23 Atl. 730; Vosburgh v. Diefendorf, 119 N. Y. 365, 23 N. E. 802.]

2. The general issue, which denies the execution of the instrument, must be sworn to, under the statute of Indiana, which is adopted as a rule of practice in this court.

[This was an action at law by John McClintick against David Cummins. The suit was originally before the court upon demurrer in Case No. 8,700.]

Mr. Brice, for plaintiff.
Mr. Stevens, for defendant.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

OPINION OF THE COURT. The plaintiff, as indorsee of a promissory note, brought this action; and the defendant has pleaded the general issue, and annexed a notice that he would prove, on the trial, the note was fraudulently obtained by duress, &c. And the question now submitted to the court is, whether, if fraud shall be proved, the plaintiff shall be required to show that the note was assigned to him for a valuable consideration. The note and the assignment import a valuable consideration, but the consideration of either may be impeached. If a note were given without consideration, and was afterwards assigned for a valuable consideration, the original want of consideration would not be a good plea, by the maker of the note, against the assignee. Hence it is necessary, under the late forms of pleading in the action of assumpsit, adopted in England, for the maker of the note to plead, when the action is brought by the assignee, that the note was given, and also assigned, without consideration; and the plaintiff can then join issue, either on the want of consideration on the giving of the note, or on the assignment of it, but not on both. The same question is substantially presented, in a form somewhat different, by the present notice. Under the notice, the defendant is bound to show that the note was obtained fraudulently, as alleged; and, this being done, the plaintiff is then required to show how he obtained the note. The fraud established, throws suspicion on the note, and devolves on the plaintiff the necessity of proving, that he received the note in the due course of business, and paid for it a valuable consideration. 5 Pick. 412; Chit. Bills, 78, 79; 5 Bin. 469; 1 Camp. 100; 2 Camp. 574.

A question is made before the court, whether the statute of the state of Indiana, which requires a plea that puts in issue the execution of the instrument on which the action is founded, to be sworn to, is regarded by the court. This statute is adopted as a rule of practice; and, unless the truth of the plea be verified by affidavit, the execution of the instrument need not be proved.

[This case was subsequently heard by the court, a jury being waived. The plaintiff was nonsuited. Case No. 8,699.]