THE FIRST NATIONAL BANK OF CORTLAND, Respondent, *v.* WILSON GREEN, Appellant.

A party suing upon a negotiable note, purchased before maturity, is presumed in the first instance to be a *bona fide* holder; but when the maker has shown that this note was obtained from him under duress, or that he was defrauded of it, the plaintiff will then be required to show under what circumstances and for what value he became the holder.

If the evidence as to the plaintiff's title is wholly uncontroverted, and so clearly establishes the plaintiff's title as a *bona fide* holder for value, that, even if the defendant could prove the defence of duress, there would be nothing to submit to the jury, then the defence is properly ruled out; but if otherwise, it should be received.

Where the plaintiff, a bank, discounted a note for one of its customers and placed the amount to his credit, and there was conflicting evidence as to whether or not it was agreed that the amount should be kept on deposit by such customer until the note should be paid.—*Held*, that evi-

dence offered by the maker to prove that the note was obtained from him by duress, was improperly rejected.

(Argued December 16, 1870; decided January 24, 1871.)

THIS is an appeal from an order of the General Term, in the sixth judicial district, denying a new trial, also from a judgment for the plaintiff, entered on their direction upon a verdict.

This action was brought to recover the amount of a promissory note made by the defendant and indorsed by the payee and W. H. Shankland, for whom it was discounted by the plaintiff; the amount being placed to his (Shankland's) credit. It was proved on the part of the defendant that Shankland's deposit, from the time of the discount until the note became due, always exceeded the amount of the discount. Witness for the defendant testified that he *understood* the plaintiff's president to say that the understanding when the note was left at the bank was that Shankland was to leave the money in the bank to the amount of the note. The plaintiff's president denied that any such agreement had been made when the note was discounted; but admitted that such an one had been made afterward, when the note was placed in Shankland's hands for collection. An offer of the defendant to prove that the note was obtained by collusion and duress was rejected by the court.

The counsel for the defendant claimed that there was evidence for the jury, that the plaintiff was not a *bona fide* holder of the note for value, and that question should be submitted to them. But the court refused, and the jury, under its direction, found a verdict for the plaintiff for the sum of $2,250.92.

On motion of defendant's counsel, the court ordered that defendant have sixty days to make case and exceptions, and that the same be heard in the first instance at the General Term, and that all proceedings on the part of the plaintiff be stayed till the decision of the General Term.

At the General Term defendant's motion for a new trial was denied. Judgment was thereupon entered in the cause,

and an appeal from the order of the General Term to the Court of Appeals, and also an appeal from the judgment entered in the cause to the Court of Appeals, were taken by the defendant.

*Ballard & Warren* (*Amasa J. Parker* with them), for the appellant, that to constitute a *bona fide* holder of a note he must have taken it without notice, and also have parted with value for it, cited 1 Barb., 225; 13 Wend., 605; 3 Barb., Ch. S., 403; 39 Barb., 577; 26 N. Y., 450; 44 Barb., 176; 1 Duer, 309; 4 id., 458; 5 id., 462. That a party objecting on the trial must point out precise objection. (6 N. Y., 345; 3 Hill, 609; 19 Wend., 361, 17 id., 142–3; 5 Denio, 84; 5 Barb., 398–406; 6 id., 330–336.

*Shankland & Shankland,* for the respondent, that the judgment, never having been before the General Term, cannot be appealed from to this court. (15 N. Y., 593; 41 id., 520; 36 id., 316; 40 id., 341.) That the bank was a *bona fide* purchaser. (5 Seld., 468; 2 Am. Law Term Rep., 59; 4 Dallas, 234, etc.)

RAPALLO, J. The evidence offered by the defendant to sustain the defence, that the note in suit was obtained by duress, was erroneously excluded, unless, upon the evidence as it stood when the ruling was made, it was established, by clear and uncontroverted proof, that the plaintiff was a *bona fide* holder of the note for value.

The ground taken at General Term, that the burden of proof was on the defendant, not only to show the defence of duress, but also to impeach the title of the plaintiff as a *bona fide* holder for value, cannot be sustained.

If the defendant had been permitted to prove, and had proved, the defence of duress, the burden would have been thereby thrown upon the plaintiff to prove that it gave value for the note, and the circumstances under which it was received.

A plaintiff, suing upon a negotiable note or bill, purchased before maturity is presumed, in the first instance, to be a *bona*

*fide* holder.   But, when the maker has shown that the note was obtained from him under duress, or that he was defrauded of it, the plaintiff will then be required to show under what circumstances and for what value he became the holder.   (2 Greenl. Ev., § 172; *McClintock* v. *Cummins*, 2 McLean, 98; *Munroe* v. *Cooper*, 5 Pick., 412; *Holme* v. *Karsper*, 5 Binn., 469; *Valett* v. *Parker*, 6 Wend., 615; 1 Camp., 100; 2 id., 574; 4 Comst., 166.)   The reason for this rule, given in the later English cases, is, that, "where there is fraud, the presumption is that he who is guilty will part with the note for the purpose of enabling some third party to recover upon it, and such presumption operates against the holder, and it devolves upon him to show that he gave value for it." (*Bailey* v. *Bidwell*, 13 Mees. & Wes., 73, approved in *Smith* v. *Braine*, 3 Eng. L. & Eq., 379, and in *Harvey* v. *Towers*, 4 id., 531.)

The only question, therefore, is that which arises upon the evidence in this case in relation to the plaintiff's title to the note.   If the evidence on this point was wholly uncontroverted, and so clearly established the plaintiff's title to the note as a *bona fide* holder for value, that, even if the defendant had proved the defence of duress, there would be nothing to submit to the jury, then the proof of duress was properly ruled out.   But, if otherwise, it should have been received.

We have carefully examined the evidence on this point, and think that it was not so clear and satisfactory as to justify the ruling out of the defendant's defence.   The only evidence on the part of the plaintiff was the testimony of its president. Evidence was given on the part of the defendant, tending to show that that witness had made statements inconsistent with his testimony on the trial.   It is true that the contradiction was not so direct and positive as to render it impossible, by making allowances for imperfect recollection of dates and misunderstanding on the part of the defendant's witness, to reconcile the testimony of both witnesses; but, taking the testimony as it stands, in connection with the admission of the plaintiff's witness, as to his knowledge, that Judge Shank-

land did not want to draw the money for the note, and the fact that it was not drawn out of the bank, and the agreement of the 5th of April, when the note was delivered to Judge Shankland, we think that the proof of duress should have been admitted, and, if established, the question whether the plaintiff was a *bona fide* holder of the note for value should have been submitted to the jury.

The point, that the order of the General Term, denying a new trial, contains no direction to enter judgment, is not available for the purpose of discussing this appeal, for there is an appeal from the order denying a new trial, as well as from the judgment; and it does not appear that the appeal from that order was not taken within due time after service of notice of entry thereof.

The order denying a new trial should be reversed, and a new trial ordered, with costs to abide the event.

CHURCH, Ch. J., and ALLEN, J., concurred; FOLGER, J., was for reversal, but did not concur in the latter part of RAPALLO's opinion; GROVER and PECKHAM, JJ., for affirmance.

Order reversed, and new trial ordered.