IRA SEYMOUR, Respondent, *v.* ALEXANDER McKINSTRY, Jr., et al., Appellants.

Plaintiff conveyed to his son I., certain premises by deed with warranty, pursuant to and in reliance upon an agreement that I. should execute to a third party a first mortgage upon the premises for $5,000, the amount of purchase-money unpaid, which sum was to be paid directly by the mortgagee to plaintiff. The proposed mortgagee declined to make the loan. I., however, recorded his deed, and without the knowledge or consent of plaintiff, executed to defendant McK. a mortgage for $5,000, the consideration therefor being partly certain claims held by McK. against I. and the balance a check payable to the order of I., which he transferred on the same day to plaintiff. McK. had knowledge at the time, and before he advanced any of the consideration, that plaintiff claimed to be entitled to $5,000 as part of the purchase-price. The mortgage was recorded, and shortly thereafter McK. sold and assigned the same to defendant S. for the sum of $5,000. Plaintiff had remained and was at the time of such assignment in possession of the premises. In an action to have an equitable lien declared in plaintiff's favor prior to the lien of the mortgage, for the balance of purchase-money unpaid, S. failed to show that he had no notice of plaintiff's equitable rights. *Held,* that McK. was not a *bona fide* purchaser save for the amount paid by check; that plaintiff was not estopped from asserting his lien as against S. by reason of his conveyance to I.; that the fact that the premises were in the actual possession of plaintiff was sufficient to put S. upon inquiry, and the burden of proving good faith in the transaction was upon him, and in the absence of such proof, plaintiff was entitled to the relief sought.

The lien of a vendor of real estate for unpaid purchase-money is good against the vendee and the whole world, unless waived or defeated by an alienation of the property by the vendee to a purchaser without notice.

In an action by the vendor to enforce his lien, as against a mortgage executed by the vendee, it is not necessary for the plaintiff to allege in

his complaint that he has not waived his lien or that the defendant took with notice; waiver or want of notice must be set up in the answer and proved as a defense.

Where a claim can be sustained only upon the ground that the person asserting it is an innocent purchaser, he must positively deny notice of the equitable rights of another, although it be not charged.

*Simpson* v. *Del Hoyo* (94 N. Y. 189) distinguished.

(Argued May 6, 1887 ; decided June 7, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made January 13, 1885, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, as vendor of real estate, to have an equitable prior lien declared in his favor as vendor for unpaid purchase-money.

The facts are sufficiently stated in the opinion.

*Louis Marshall* for appellant. The taking of any benefit under a deed, will or contract, or from the act of another after knowledge of its true character, whether it might have been avoided by reason of a fraud or other vitiating cause, is a ratification thereof, and estops the person receiving the benefit from denying the validity of the act. (*Allen* v. *Roosevelt*, 14 Wend. 100; *Masson* v. *Bovet*, 1 Denio. 69; 2 Sandf. Ch. 341; *Cobb* v. *Hatfield*, 46 N. Y. 533; *Brewer* v. *Sparrow*, 7 B. & C. 31; *Lythgoe* v. *Vernon*, 5 H. & N. 180; *Garret* v. *Goater*, 42 Penn. St. 143; *Mills* v. *Hoffman*, 92 N. Y. 181; *Rapalee* v. *Stewart*, 27 id. 310; *Patterson* v. *Pierronet*, 7 Watts, 337; *Fitzgerald* v. *School Com'rs*, 7 Humph. 224; *Wroten* v. *Armat*, 31 Gratt. [Va.] 228 ; *Baird* v. *Mayor, etc.*, 96 id. 589; *Schiffer* v. *Deitz*, 83 id. 300; *Vernol* v. *Vernol*, 63 id. 45; *Chipman* v. *Montgomery*, 63 id. 221; *Met. Life Ins. Co.* v. *Meeker*, 85 id. 614; *Mills* v. *Hoffman*, 92 N. Y. 181; *Rodermund* v. *Clark*, 46 id. 354; *Morris* v. *Rexford*, 18 id. 552; 2 Herman on Estoppel, 1157, 1164.) The plaintiff having voluntarily conferred upon Ira B. Seymour the apparent

absolute ownership of the premises in question, and the apparent authority to mortgage the same, is estopped from asserting his lien as against Sabey, who is the *bona fide* purchaser of the mortgage of September 23, 1872. (*Moore v. Met. Nat. Bk.*, 55 N. Y. 41; *Bush v. Lathrop*, 22 id. 532; *Com. Bk. of Buffalo v. Kortright*, 22 Wend. 348; *McNeil v. Tenth Nat. Bk.*, 46 N. Y. 325; *Fairbanks v. Sargent*, 9 N. E. Rep. 875, 876; *Greene v. Warnick*, 64 N. Y. 220; *Trustees Union College v. Wheeler*, 61 id. 86; *Weyh v. Boylan*, 85 id. 394; *First Nat. Bk. of Corry v. Stiles*, 22 Hun, 246, 247; *Dillaye v. Com. Bk. of Whitehall*, 51 id. 445; *Newton v. McLean*, 41 Barb. 285; *Simpson v. Del Hoyo*, 94 N. Y. 189.) Irrespective of an estoppel, a purchaser in good faith for value is entitled to priority over a grantor's lien. (*Fisk v. Potter*, 2 Keyes, 64.) A mortgagee and the assignee of a mortgage are purchasers within the meaning of the recording act (*Van Keuren v. Corkins*, 66 N. Y. 77; *Westbrook v. Gleason*, 79 id. 23; *Decker v. Boice*, 83 id. 215; *Brewster v. Carnes*, 103 N. Y. 556.) The plaintiff is also estopped from asserting his lien against the defendant Sabey by reason of his silence when questioned by Sabey with reference to the genuineness and *bona fides* of the mortgage in question, and by his subsequent conduct. (*Watson's Ex'rs v. McLaren*, 19 Wend. 557; *Weyh v. Boylan*, 85 N. Y. 391; *Dezell v. Odell*, 3 Hill, 218; *Plumb v. Cattaraugus Ins. Co.*, 18 id. 393; *Brown v. Bowen*, 30 id. 519; *Finnegan v. Carreher*, 47 id. 493; *Voorhis v. Olmstead*, 66 id. 113; 6 Barb. 613; 18 id. 334; *Lee v. Kirkpatrick*, 1 McCarter Ch. [N. J.] 264; *Knight v. Wiffen*, L. R. 5 Q. B. 660; *Cont. Nat. Bk. v. Nat. Bk. of Commonwealth*, 50 N. Y. 575; *Voorhis v. Olmstead*, 66 id. 113.) By accepting the check for $2,100.37, and the transfer of Ira B. Seymour's interest in the premises situated on the rear of 83 and 85 Genesee street, by going on and completing his bargain with Ira B. Seymour, by accepting a mortgage for $3,000 agreed to be given to Lucy Seymour, and by omitting to take any action to enforce the alleged lien before Ira B. Seymour

absconded or until more than three years after the right accrued, the plaintiff waived his pretended grantor's lien. (*Fisk* v. *Potter*, 2 Keyes, 64; *Cort* v. *Fougera*, 36 Barb. 195; *Shirley* v. *Congress Sugar Refinery*, 2 Edw. Ch. 505; *Vail* v. *Foster*, 4 Comst. 312; *Fish* v. *Howland*, 1 Paige, 20; *Hare* v. *Van Deusen*, 32 Barb. 92.)  The defendant Sabey being the purchaser in good faith of the mortgage of September 23, 1872, and for a valuable consideration, without notice of the plaintiff's pretended lien, is entitled to priority over such lien.  (*Fisk* v. *Potter*, 2 Keyes, 64; *Bayley* v. *Greenleaf*, 7 Wheaton, 46; *Fish* v. *Howland*, 1 Paige, 20; *Shirley* v. *Congress Sugar Refinery*, 2 Edw. Ch. 505; *Sperry* v. *Short*, 90 N. Y. 542 543; *Howlett* v. *Whiffle*, 58 Barb. 224.)

*M. M. Waters* for respondent.  The lien of the plaintiff for the purchase money, as between him and Ira B. Seymour, attached as matter of law under the rule that "in the absence of an agreement, express or implied to the contrary, the vendor of lands has a lien on them for the unpaid purchase-money.  (Boone's Law of Real Property, § 393.)  The mortgage to Alexander McKinstry attached only to that interest which rested in Ira B., under the conditional sale which was only in part performed.  (*Dusenbury* v. *Hulbert*, 59 N. Y. 451; Boone's Law of Real Property, § 393.)  The plaintiff, under the arrangement or contract of which his deed was merely a part performance, never parted with that interest in his land which is represented by his claim for purchase-money.  (*Dusenbury* v. *Hulbert*, 59 N. Y. 541.)  As the deed made by plaintiff was only a partial execution of the conditional sale, and as plaintiff did not surrender possession of the premises to the vendee, the plaintiff's possession was ample notice to Sabey of the plaintiff's equity.  (*Spafford* v. *Manning*, 6 Paige, 383; *Trustees of Union College* v. *Wheeler*, 61 N. Y. 88.)  The purchaser of a non-negotiable chose in action, secured by mortgage, takes it subject to the latent equities not only of the mortgagor, but of third persons.  (*Trustees of Union College* v. *Wheeler*, 61

N. Y. 88, 114, 115; *Shaffer* v. *Reilley*, 50 N. Y. 61.) As
the mortgagor had neither property nor possession of the real
estate, and the mortgagee took the mortgage with notice, the
mortgage attached only to the interest which the mortgagor
had, and as defendant is only the purchaser of the chose in
action he must abide by the title of his assignor, even though
he should be deemed a *bona fide* purchaser for value without
notice. (*Patten* v. *McLean*, 15 B. Monroe, 555; *Coggill* v.
*Hartford & New Haven R. R. Co.*, 3 Gray, 545; *Sargent*
v. *Metcalf*, 5 id. 306; *Deshen* v. *Bigelow*, 8 Gray, 159;
*Copeland* v. *Basquet*, 4 Washington C. C. R. 558; *Herring*
v. *Willard*, 2 Sandf. 418; *Rawles* v. *Deshler*, 29 How. 66, 73.)
The recording act does not apply, for the reason that defend-
ants seek to make title upon the basis of plaintiff's prior title,
and only through a subsequent title, which depends solely
upon estoppel as a conveyance. (*Dusenbury* v. *Hulbert*, 55
N. Y. 541.) A receipt of part of the purchase-price of the land
is no waiver of the vendor's lien for the balance. (Boone's
Law of Real Property, § 394.) As between the plaintiff in the
action and his son, the defendant, Ira B. Seymour, the plaintiff
had an equitable lien for that part of the purchase-money
remaining unpaid. (Willard's Eq. Juris. 443, 124; 2 Story's
Eq. Juris. §§ 789, 1217, 1218, 1219, 1224; *Fish* v. *Howland*,
1 Paige, 20, 24; *Garson* v. *Green*, 1 Johns. Ch. 308; *Hare* v.
*Van Deusen*, 32 Barb. 92; *Mills* v. *Bliss*, 55 N. Y. 139;
*Auburn* v. *Settle*, 3 N. Y. S. C. R. [T. & C.] 261; *Warren* v.
*Fenn*, 28 Barb. 333; *Dubois* v. *Hull*, 43 Barb. 26.) The
defendant McKinstry acquired under his mortgage no greater
right in the premises than was possessed by Ira B. Seymour,
and this was subject to the equitable lien of his vendor (the
plaintiff) for the unpaid purchase-money. (*Hallock* v. *Smith*,
3 Barb. 267, 272; *Jewett* v. *Palmer*, 7 Johns. Ch. 65; Perry
on Trusts, § 221; Lewin on Trusts, 198, 615, 616; *Seymour*
v. *Wilson*, 19 N. Y. 417; *Bush* v. *Lathrop*, 22 id. 535,
538, 539; 2 Story's Eq. Juris., § 1502; 1 id. § 416; 10 Pet.
210, 211; 3 Sug. on Vendors, 488–496; *Deming* v. *Smith*, 3
Johns. Ch. 345; *Jewett* v. *Palmer*, 7 id. 65; *Gallatin* v.

*Cunningham*, 8 Cow. 361; Story Eq. Plead., § 805; Hill on Trustees, 512; 1 Daniels Ch. Pr. [4 Am. ed.] 677; 1 Vernon, 246; 16 Vesey, Jr., 249; 3 Madd. Ch. Rep., 488; 4 Sandf. Ch., 97, 122; 9 Bosw., 583, 588; *McKyring* v. *Bull,* 16 N. Y. 399, 407, etc.; *Dennis* v. *Snell,* 54 Barb. 411.) The defendant Sabey, as the assignee of the mortgage from McKinstry, took no other or different rights in or to the mortgaged premises, or to the mortgage, than was possessed by his assignor. (*Greene* v. *Deal,* 64 N. Y. 320; *Schafer* v. *Reilly,* 50 id. 61; *Trustees of Union College* v. *Wheeler,* 61 id. 88; *Decker* v. *Boice,* 83 id. 215; *Dubois* v. *Hull,* 43 Barb. 26, 32; *Boyd* v. *Schlesinger,* 59 N. Y. 301; *Dusenbury* v. *Hulburt,* 58 id. 541; *Gallatin* v. *Cunningham,* 8 Cow. 361.) The rule that an assignee of a mortgage takes subject to the equities of third persons against the mortgagor, extends to the lien of a vendor for unpaid purchase-money. (Willard's Eq. Juris., 443, 124; 2 Keyes, 64, 74; *Shirley* v. *Congress Steam Heating Refinery,* 2 Edw. Ch. 505; Willard's Real Estate and Conveyances, 114; *Auburn* v. *Settle,* 3 N. Y. S. C. R. [T. & C.] 261; *In the Matter of Howe,* 1 Paige, 125; Lewin on Trusts, 615; 4 Kent's Comm. 154, (*n.*) 1; *Hallock* v. *Smity,* 3 Barb. 267, 272; *Dickerson* v. *Tillinghast,* 4 Paige Ch. 215; *Packard* v. *Arnold,* 6 Paige Ch. 310, 316.)

Danforth, J.    The questions in this case are between the plaintiff, as an unpaid vendor of real estate, and the defendants, one as mortgagee and the other as assignee of the mortgage given by the vendee of the land. The controversy relates to the priority of their claims in those capacities. The court below decided in favor of the vendor's lien, and both defendants appeal.

It appeared that on and prior to the 7th of August, 1872, the title to and the possession of the premises in question were in the plaintiff, and he on that day conveyed them to his son, one Ira B. Seymour, by a deed, with warranty, for the price of $9,100, of which all but $5,000 was paid or satisfactorily arranged for; that, to enable Ira B. to raise that

sum, it was agreed between the plaintiff and Ira B. and the Equitable Life Insurance Society that Ira B. should execute to that company a first mortgage upon the premises, the amount of which should be paid by it directly to the plaintiff, and in reliance upon this arrangement he delivered the deed to Ira B. Seymour; that the company declined to make the loan, but, notwithstanding this, Ira B. caused the deed to be recorded, and on the twenty-third of September, without the knowledge or consent of the plaintiff, executed to the defendant McKinstry a mortgage of $5,000, which was recorded on the same day; at the same time, and before he advanced any of the consideration of the mortgage, McKinstry, as the court and jury find, "had knowledge that the plaintiff claimed to be entitled to $5,000 as part of the purchase-price of the premises therein described." The consideration for this mortgage was composed of a prior account of $2,400 due from Ira B. Seymour to McKinstry, two judgments of $300 against him, and $2,100.37 in a check payable to the order of Ira B., which he on the same day indorsed and gave to the plaintiff. On the twenty-eighth of September McKinstry sold the mortgage to the defendant Sabey for the sum of $5,000, and covenanted that there was unpaid and owing thereon the sum of $5,000.

The court finds that "McKinstry before he assigned said mortgage, and before he advanced any part of its consideration, had notice of the equity of plaintiff arising from the non-payment of said purchase-money, and the defendant Sabey has not shown that he, when he took the assignment, did not have notice of plaintiff's equitable rights, or of the facts from which they arise," and, as matter of law "(1), the plaintiff has an equitable lien upon the premises for the balance due him for the purchase-price of the same; (2) that such equitable lien is superior to the lien of the $5,000 mort-mortgage given to said McKinstry, and assigned by him to said Sabey; (3) that the said Sabey, as assignee, has no better rights than his assignor McKinstry; (4) that the plaintiff is entitled to a decree establishing his equitable lien and declar-

ing its priority, and that it is a first lien upon said premises, and directing a sale and foreclosure to enforce it." The judgment entered upon these findings has been affirmed by the General Term. We find no error in its conclusion.

So far as McKinstry is concerned it is entirely plain that he was not a *bona fide* incumbrancer, nor a purchaser for value beyond the sum of $2,100.27 (*Ins. Co.* v. *Church*, 81 N. Y. 221), which he included in the check, and which was in fact indorsed by Ira B. to his father and paid to him. We may turn to *Sabey's Case* as presenting the only question which requires discussion. He is not found to have had notice of the plaintiff's equities, and is charged because (1) he did not show that he took without notice, and (2) because he could, in the nature of the transaction, have no better right than McKinstry. On the other hand, the contention made on his behalf on this appeal is that the plaintiff is estopped from asserting a lien as against Sabey because he voluntarily conferred upon Ira B. Seymour the apparent absolute ownership of the premises and the apparent authority to mortgage the same. The learned counsel for the appellant says there is no finding nor evidence that he was not a purchaser in good faith. As we have seen, the finding is that Sabey has not shown that he took without notice of the plaintiff's equitable rights as an unpaid vendor. If this will not sustain the judgment the appellant must succeed. His contention is that the precise question came up in *Simpson* v. *Del Hoyo* (94 N. Y. 189), and was answered in his favor by this court. There is this important difference: In the *Simpson Case* the party giving the mortgage was clothed not only with the record title to the land mortgaged, but was in possession of it under that title. Here possession was in the plaintiff, and an inquiry of him would have led to a true statement of the situation. It does not appear that he made such inquiry, nor is there the slightest evidence that he informed the plaintiff he was about to purchase the mortgage, or had been asked to do so. He himself says that he did not call upon the plaintiff directly, but on the twenty-eighth of

September went by the plaintiff's place of business on his way to dinner, "passed the time of day with him," and says: "I asked where 93 East Genesee street" (the property in question) "was; he said just below, and I walked down towards it; he sort of followed me down; as we arrived there, I think I asked him what the property was worth; he said it had been appraised at $10,000; he didn't consider it worth as much as that, between $8,000 and $9,000; I asked him if the mortgage in the hands of McKinstry, which his son had been to see me about, was a genuine *bona fide* mortgage; he said it was; I think that was all that was said; I don't know as I said anything that I was about to buy it; I don't know whether I did or not." Upon this testimony the counsel for Sabey asked the court to find that " the plaintiff is estopped from asserting his lien against the defendant, Sabey, by reason of his silence when questioned by Sabey with reference to the genuineness and *bona fides* of the mortgage of September, 23, 1872," and on his refusing to do so, excepted.

There are many circumstances in the case which would have warranted this refusal, but it is enough that the plaintiff flatly contradicted the statement of the defendant Sabey in every respect and particular, saying not only "I never saw him at the time the conversation is alleged to have taken place," but also, "I never had any conversation with him on the subject in any manner or form; I should certainly have remembered it if I had; I never had any conversation with him until this suit was commenced." The general testimony creates no surprise that the trial court did not credit the defendant in face of this contradiction. But as it was a question clearly within its province, and not within that of this court, the case must stand on its conclusion, and we have only to see whether the burden of alleging and proving innocence and good faith in the transaction was upon Sabey.

In the first place it was sufficient to put Sabey on inquiry that the property was in the actual possession of the plaintiff (*Cook* v. *Travis*, 20 N. Y. 400), and it was his duty to ascer-

tain whether the plaintiff had any interest in it, and if so, to what extent, and for this purpose to have some communication with or from him (*Spofford* v. *Manning*, 6 Paige, 383). In the *Simpson* case (*supra*), attention is called to the fact that the mortgagor had possession as well as the apparent title, and that "she was in possession thereof at the time of the execution of the mortgage and of its assignment to the plaintiff," and in that case it was held sufficient if inquiry was made of the mortgagor. The reason of this limitation does not apply here. The plaintiff and not the mortgagor was in possession, and an inquiry of him would have led to a disclosure of the equities of the plaintiff.

There is a like or greater difference between the present case and the others cited by the appellant. *Fisk* v. *Potter* (2 Keyes, 64), was an action to enforce an equitable lien for the purchase-money against a subsequent purchaser under a mortgage executed by the vendee while in possession, and failed for that and other reasons which have no place in the record before us.

To meet the question of pleading and proof the appellant relies upon an averment in the answer that "he took the assignment of the mortgage upon the faith of plaintiff's admission that the mortgage was a valid mortgage, accompanied by a denial of knowledge or information of the alleged facts upon which the allegations of fraud or conspiracy are based." So far as reliance is placed upon the admission, it is the finding that none was made, and as a pleading the allegations are far short of the affirmative allegation which the law requires of one who is bound to allege that he took his security without notice. Moreover, he must both allege and prove it.

It is a defense founded upon new matter. The plaintiff's lien, as an unpaid vendor, is good against the vendee and against the whole world, unless waived by the vendor or defeated by an alienation of the property by the vendee to a purchaser without notice. (*Dusenbury* v. *Hulbert*, 59 N. Y. 541.) It was not necessary for the plaintiff in this case to allege that he had not waived his lien. The defendant might and did

rely upon the plaintiff's waiver as a defense, and so pleaded and sought to prove it. He failed. That issue has been found against him. It was not necessary for the plaintiff to allege that the defendant Sabey took with notice, for his case was made out when his lien was established against his vendee and against McKinstry, unless Sabey was a *bona fide* purchaser from McKinstry, and if Sabey relied upon the fact that he took without notice, it should have been set up in the answer. (*Weaver* v. *Barden*, 49 N. Y. 286.)

The reason for this rule may be the same ascribed to the doctrine which requires the holder of a note, shown to have been fraudulently obtained, to prove under what circumstances and for what value he became the holder, viz.: That when there is fraud the presumption is that he who is guilty will part with the instrument for the purpose of enabling some third person to recover upon it, and such presumption operates against the holder and it devolves upon him to show affirmatively the facts essential to overcome that presumption and relieve himself from its effect. (*First Nat. Bk.* v. *Green*, 43 N. Y. 298 , *Ocean Bk.* v. *Carll*, 55 id. 441 ; *Farmers' Bk.* v *Noxon*, 45 id. 762.) So where the true owner sues to recover goods against a person claiming from the fraudulent vendee, the burden is upon the claimant to prove good faith and value. (*Stevens* v. *Brennan*, 79 N. Y. 258.) Indeed, the rule is entirely well settled that if a claim can be sustained only upon the ground that the person asserting it is an innocent *bona fide* purchaser, he must positively deny notice even though it be not charged. (*Denning* v. *Smith*, 3 John. Ch. 332.)

No error was committed therefore by the trial court in giv· ing force to Sabey's omission to deny notice of plaintiff's rights and making it, in connection with other circumstances, a ground for postponing his mortgage to the plaintiff's lien for the unpaid purchase-money.

The other questions raised by the appellant relate to facts depending on evidence and have been found against him by the trial court and the General Term. They require no other

discussion.    Upon those findings the judgment is without
error and should be affirmed.

All concur, except RUGER, Ch. J., not sitting.

Judgment affirmed.

On motion for reargument the following opinion was
handed down :

DANFORTH, J.    The defendant Sabey moves for a reargu-
ment.  The concession in the pleadings was that on the 7th
of August, 1872, the plaintiff was possessed in fee and the
owner of the premises in question.    The finding of the trial
judge was, that on that day the plaintiff was the owner in fee
and in possession of those premises, and his subsequent find-
ings show a sale made to Ira B. Seymour and a delivery of
the deed, not absolutely, but for the specific purpose of
enabling him to raise the money by mortgage, to be executed
to the insurance company for payment by them directly to
the plaintiff.    There is no finding or suggestion that the
possession was changed, and no inference could be drawn that
it was to be changed until after the inchoate arrangements
were completed.    An examination of the evidence justifies
the finding of the trial judge in this respect.    It was not
excepted to, nor was he requested by the defendant to find
that the possession, which was in the plaintiff August seventh,
was at any time given to or taken by Ira B. Seymour.

The distinction between the *Del Hoyo* case (94 N. Y. 189,
193) and the present is obvious from other circumstances
besides those briefly referred to upon the appeal.    It was
distinctly found in the *Del Hoyo* case that the fraudulent
grantee not only took the deed " but took possession of the
property under that conveyance and was in possession thereof
at the time of the execution of the mortgage and its assign-
ment to the plaintiff."    The real owner was held to be estopped
because she had clothed the mortgagor with the apparent title
and possession, while as above stated there is no suggestion in
the answer or findings or requests of counsel, or evidence in
the case before us, that possession ever passed from Ira Sey-

mour to his grantee.   In the *Del Hoyo* case the rule is also applied, which throws the burden upon the assignee of proving how he came by the mortgage, that is, that he received it in good faith and for value, and it was said that " to give him the protection of the principles of law," there laid down, " the court must find not only that he purchased the mortgage for value, but that he purchased it innocently and in good faith."

It appeared in the case before us that McKinstry had from the beginning, and before the execution of the mortgage, full notice of the plaintiff's rights, and was so affected by it that in his hands the mortgage would be invalid as against the vendor's lien.   As assignee Sabey is no better off than and is affected by all the equities which affect McKinstry. (*Decker* v. *Boice*, 83 N. Y. 215; *De Lancey* v. *Stearns*, 66 id. 157; *Schafer* v. *Reilly*, 50 id. 61; *Bush* v. *Lathrop*, 22 id. 535; *Davis* v. *Bechstein*, 69 id. 440.)   As a purchaser his case under the recording act, if that act applies, might be better than that of McKinstry.   If so, it would be because his assignment was not only recorded, but his legal title to the mortgage is based upon an actual pecuniary consideration, and upon the absence of notice.   (*Decker* v. *Boice, supra ;* 1 R. S. 756, § 7.)   But the character of " purchaser " under the statute is an independent one, something different from that of assignee, and to avail the defendant it was necessary to plead and prove not only that he was a " purchaser " of record, but that he was a purchaser in good faith and for a valuable consideration. He was bound, therefore, to deny by his answer notice, although notice had not been charged, and to prove it.   These matters were new and in defense.   The duty of setting them up and the burden of proving them were, therefore, upon him, and because he did not so plead and had not proved those things, the judgment of the court below was sustained. No new rule was applied, but a very old one which requires a defendant who would avail himself of new matter as a defense, to aver and prove it, and which has been illustrated to the present day and through various systems of equitable procedure. *Grimstone* v. *Carter*, 3 Paige Ch. 421, 436, 437; *Jewett* v.

*Palmer*, 7 Johns. Ch. 65; *Tuttle* v. *Jackson*; 6 Wend. 213, 227, 228; *Jackson* v. *McChesney*, 7 Cow. 360, 362; *Weaver* v. *Barden*, 49 N. Y. 286.)

No ground appears to warrant a reargument    The motion, therefore, should be denied.

All concur, except RUGER, Ch. J, not sitting.

Motion denied.