KING *et al.* v. JACOBSON *et al.*

(*Supreme Court, General Term, First Department.* December 29, 1890.)

1. SALE—RESCISSION—INSOLVENCY OF PURCHASER.

In an action to recover possession of goods sold by plaintiffs, brought on the ground that such sale was procured by fraudulent representations, plaintiffs' salesman testified to certain statements made to him by the purchasers at the time of the sale, showing that they had a surplus of assets over liabilities of about $18,000. *Held*, that proof that judgments were recovered against them, within seven months afterwards, for nearly $12,000, which their property proved insufficient to satisfy, was competent as tending to show the falsity of the statements made on the sale.

2. SAME—BURDEN OF PROOF.

In such an action, the burden is on defendants claiming the goods by virtue of a purchase in good faith from the fraudulent purchasers, or of advancements made on the goods in good faith, to prove the facts relied on.

3. APPEAL—STATEMENT OF EVIDENCE IN RECORD.

Where a case on appeal does not state that it contains all the evidence, it must be assumed that there was other evidence sufficient, with that set forth, to sustain the verdict, or to justify a denial of a motion for a nonsuit.

Appeal from circuit court, New York county.

Action by Edward J. King, Jr., and Bennett J. King against Albert Jacobson, Isaac Perlson, and Isaac Bernstein. Defendant Bernstein appeals from a judgment for plaintiffs entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Howe & Hummel,* for appellant.     *Blumenstiel & Hirsch,* for respondents.

DANIELS, J.   This action is replevin to recover the possession of 65 dyed seal-skins.   They were sold and delivered by the plaintiffs to Jacobson & Perlson, who were engaged in business at Chicago.   The sale took place on or about the 16th day of November, 1887.   This firm failed early in June, 1888. The skins before that, and early in the year, are stated to have been sold and delivered to M. Wein & Co., who claimed to have become their purchasers in good faith and for value.   Mr. Wein, of this firm, after that sent them to the appellant Isaac Bernstein, at the city of New York, who alleged that he had in good faith advanced upon the skins to Wein & Co. the sum of $1,200. When the possession of the skins by the defendant Bernstein came to the knowledge of the plaintiffs, they brought this action to recover them, on the ground that the sale by them had been induced by fraudulent representations made by Jacobson & Perlson.   The evidence to prove this fact was given by Gustav N. Cohn, who was the plaintiffs' salesman, and had the skins with him for sale at the city of Chicago.   He testified that before he delivered the skins he asked Mr. Jacobson, who ·purchased them for his firm, for a statement; and that Jacobson replied that he had a stock of about $9,000, $5,000 outstanding, cash $3,200, machinery $2,000, with liabilities about $2,000, showing a surplus of about $18,000.   To prove this statement untrue, six judgments were shown to have been recovered against Jacobson & Perlson, on the 8th day of June, 1888, for the aggregate sum of $11,865.88, and their property at the sale under the judgments failed to realize that amount.   These judgments were objected to as evidence by the defendant Bernstein, who alone was served with the summons and appeared in the action.   The objection was that the evidence was irrelevant, incompetent, and immaterial, which the court overruled, and the defendants' counsel excepted.   But it was relevant and pertinent to prove that the purchasers of the skins did fail at that time, and that their property proved insufficient to satisfy the judgments which seem to have been recovered with their assent.   That proof slightly tended to indicate the fact to be that they were not financially as well situated as they were represented to be by Jacobson when the skins were bought by his firm.   If they had been, then there was an improbability that their circumstances should have under-

gone so great a change as to produce this failure during the intervening time of less than seven months. This evidence was not conclusive by any means, but still it was competent to prove the facts maintained by it; and it may be that a verdict standing upon this alone, as proof that the representations were false, would have to be set aside. But that point is not in this case; for the printed book is not stated to contain all the evidence, and there may have been still further proof on this subject, which, with that already stated, disclosed the falsity of the representations which had been made. Indeed, in the absence of the statement that there was no further evidence, it is to be assumed that there was, and that it was sufficient, with that set forth, to sustain the conclusion of the jury. Their verdict, therefore, cannot be set aside because of any deficiency in the evidence to prove the representations to be false.·

An exception was also taken to proof of what Perlson had said after the failure. But this exception is not important, for he made no statement in the least degree injurious to the defendant.

In the submission of the case to the jury the court directed them that the burden of proof rested upon the defendant to prove a purchase of the skins from Jacobson & Perlson in good faith, or advances made upon them by the defendant acting in the same manner, if the plaintiffs satisfied them that they had sold and delivered the skins under fraudulent representations; and to that the defendants' counsel excepted. But the court was entirely right in this legal rule. It was for the party alleging that purchase, and that advancement of money, to prove the fact to be so, if that could be done. It was a defense within the knowledge of the defendant, and to be proved by evidence directly available to him, if it existed, and not to the plaintiff, and therefore for the defendant to maintain. *Mather* v. *Freelove*, 3 N. Y. St. Rep. 424; *Seymour* v. *McKinstry*, 106 N. Y. 230, 240, 12 N. E. Rep. 348, 14 N. E. Rep. 94.

The demand made upon the defendant for the return of the skins has also been objected to as insufficient. But any defects in the proof concerning it will be supplied by the form in which the case was made; for other proof may be assumed to have been produced from the absence of the statement that the case, as it has been made, includes it all. Beyond that the complaint alleged: "(5) That prior to the commencement of this action the plaintiffs duly demanded from the said defendant Bernstein the return and possession of the said goods and chattels, and the said defendants wholly refused to return the same, and give possession thereof to these plaintiffs." And that was expressly admitted by the answer, which in that manner did establish a complete demand of the skins from the defendant, and his refusal to deliver them. The motion for the nonsuit raised no point of importance, for the reasons urged in support of it were unimportant; and both the decision then made, and the verdict rendered finally by the jury, are sustained by the presumption that all the evidence has not been inserted in the case, arising out of the absence of any statement that it has all been presented. There is no ground on which the appeal can be supported, and the judgment and order should be affirmed.

All concur.