(27 Misc. Rep. 642.)

### HUNTER et al. v. BATTERSON.

(City Court of New York, General Term. May 26, 1899.)

CHECK—BONA FIDE HOLDER—BURDEN OF PROOF.

> In an action against the maker of a check, it is competent for him to show that it was obtained from him by fraud; and, on such showing, the burden of showing that he is a bona fide holder for value rests upon plaintiff.

Appeal from trial term.

Action by Arthur M. Hunter and others against James B. Batterson, Jr. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER and SCHUCHMAN, JJ.

Philip Carpenter, for appellant.
Henry W. Bean, for respondents.

O'DWYER, J. The answer alleged that the check in question had been obtained from defendant by the payee by means of false and fraudulent representations, and defendant should have been allowed to prove the alleged fraud. "If the defendant had been permitted to prove, and had proved, the defense of duress, the burden would have been thereby thrown upon the plaintiff to prove that he gave value for the note, and the circumstances under which it was received. A plaintiff suing upon a negotiable note or bill purchased before maturity is presumed, in the first instance, to be a bona fide holder. But when the maker has shown that the note was obtained from him under duress, or that he was defrauded of it, the plaintiff will then be required to show under what circumstances, and for what value, he became the holder." Bank v. Green, 43 N. Y. 298. The burden of proof was improperly placed on defendant to show that the plaintiff was not a bona fide holder, and a holder without notice of the fraud. If the defendant had been permitted to show that the check had been procured from him by fraud upon the part of the payee, the presumption that the plaintiff was a bona fide holder would no longer obtain, and plaintiff could not recover without showing that he had received the check without knowledge of the fraud, and had paid value therefor. Grant v. Walsh, 145 N. Y. 503, 40 N. E. 209.

For the error complained of, the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.