(153 App. Div. 577.)

### BEATTIE v. PEVERLY et al.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1912.)

QUIETING TITLE (§ 49*)—RELIEF AWARDED—EQUITABLE LIEN.

A deed was given by a wife to her husband, to be delivered to B. on payment of $20,000. The husband, without authority, entered into an agreement with B. whereby the property was deeded to another and a mortgage given back for $20,000, to be held in trust for the payment of the purchase price. The mortgage was then sold for mining property and the assignee foreclosed, and on the sale the wife, who was not made a party and who at all times was in possession of the land, asserted her claim. *Held*, in an action by a wife to determine her rights, that the most the wife was entitled to was an equitable lien on the property for the purchase money.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 135, 137; Dec. Dig. § 49.*]

Suit by E. Delle Beattie against Jane Peverly and others. From a decree for complainant, and from an order denying defendants' motion for a new trial, certain defendants appeal. Reversed, and a new trial ordered.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, and FOOTE, JJ.

Stewart F. Hancock, of Syracuse, for appellants.
William Kennedy, of Syracuse, for respondent.

KRUSE, J. Whatever doubt there may be as to the precise nature of the action, it is clear what the plaintiff desires to accomplish thereby. She executed a deed of conveyance of the lands described in the complaint, upon the understanding and condition, as she claims, that the deed should not be delivered until she had received the purchase price of $20,000 therefor. She never received the purchase price, and never gave up possession of the lands, and still occupies the same; but the grantee named in the conveyance put the deed upon record and conveyed the property, and the appellant defendants claim title under him. Plaintiff wants an adjudication which will clear the record and declare her ownership of the premises, or establish an equitable lien upon the same for the purchase price thereof.

The action was tried before a jury. Questions were submitted to the jury, and upon the answers thereto the plaintiff thereafter moved for judgment. Judgment was directed, canceling the record of the deed, and all other subsequent conveyances and incumbrances. The plaintiff contends that the action was brought under section 1638 of the Code of Civil Procedure, to compel the determination of adverse claims to the property in her possession. In the original complaint she alleged that she executed and delivered the deed to the grantee therein named, without consideration, with the understanding and upon the condition and agreement that the same should not become operative or of any force until she had been paid therefor the sum of $20,000. She sets forth therein various conveyances and incum-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brances thereafter made, and alleges that they are a cloud and blemish on her title; that she has not received the purchase price, and has no adequate remedy at law, and demands judgment that the premises be reconveyed to her; that the various deeds be declared void and canceled of record, and that the defendants and all persons claiming under them be barred of any claim, and for such other relief as she may be entitled under section 1638.

The complaint was amended from time to time, and finally, as the complaint stood at the time of the trial, there was an additional allegation that the deed was delivered to her husband to be delivered to the grantee upon the condition as to the payment of the purchase price, as has been stated; and the demand of judgment was also amended and supplemented by adding that the plaintiff be declared to have an equitable lien upon the premises for the purchase price, superior to the liens and claims of the defendants. The plaintiff has insisted, whenever the question has come up, that she is entitled to a trial by jury as a matter of right, under section 1642 of the Code, which relates to an action for the determination of adverse claims to real property, and that the verdict is not merely advisory. The defendants have contended otherwise, but in the course of the trial defendants seem to have waived their objections to a jury trial. At all events, a jury trial was had, but no general verdict was rendered by the jury, and no formal decision was made by the trial judge adopting the findings of the jury or finding additional facts to supplement the same. Indeed, no decision whatever was made, by the judge, except the direction to enter judgment, from which the appeal is taken.

Whatever view may be taken of the special findings of the jury, whether advisory merely, which the trial judge could disregard and make findings of his own, or whether conclusive and binding upon him until set aside, I think such of them as are warranted by the evidence are insufficient to sustain the judgment directed. The plaintiff testified that she delivered the deed to her husband, to be held by him, and not delivered to Benedict, the grantee therein named, until she had received the purchase price of $20,000. Her husband and Benedict had offices together. She executed the deed there, but Benedict was not present. Her husband, although present in court, was not sworn as a witness. Benedict testifies that his dealings were with the husband. The arrangement, in short, as agreed upon between Benedict and the plaintiff's husband, was that Benedict should deed the property to Roscoe R. Wilcox, an attorney, who should give back a mortgage for $20,000. The mortgage was to be sold, and out of the proceeds the plaintiff was to receive $18,000, and Wilcox and Benedict would have $2,000 for floating the mortgage, $1,000 each. Benedict accordingly conveyed the same to Wilcox, and Wilcox gave back a mortgage to Benedict for $20,000. Nothing was paid by Benedict to the plaintiff, or her husband, nor was anything paid by Wilcox to Benedict. They were unsuccessful in negotiating the mortgage, as had been intended, but finally the mortgage was taken by James Reed, one of the original defendants, who has since died, on a

sale of mining property in Canada, which was bought of Reed, with the knowledge and consent of plaintiff's husband, for a corporation of which he was one of the organizers and an officer.

The evidence fairly shows that Reed became a holder of the mortgage for value, and that he had no actual knowledge of any claims such as the plaintiff now makes; but the jury found that the plaintiff was in actual, open, visible, and exclusive possession of the premises for seven years or more before the execution of the deed to Benedict, and that ever since she had so remained in continued possession thereof, and that at the time he (Reed) took the assignment of the mortgage the facts and circumstances of the plaintiff's possession were of such a character as would have put a prudent man upon his guard, and from which actual notice might be justly inferred and found. I may say, in passing, that default was made in paying for the mining property, and also in the payment of the $20,000 mortgage; that thereafter Reed foreclosed the $20,000 mortgage and bid in the premises, but the plaintiff was not made a party thereto. In fact, at the sale she gave notice of her claim.

The plaintiff seems to have proceeded in this action upon two theories, not quite consistent with each other: (1) That she is the absolute owner of the property; and (2) that she has an equitable lien upon the premises for the purchase price. The jury found that the deed in question was delivered by the plaintiff to her husband, not to be delivered to Benedict until she received the purchase price of $20,000; but they also found that the deed was executed and delivered to Benedict upon Benedict's agreement that he would place the real estate therein described in such manner that the plaintiff should receive the sum of $20,000 purchase price, and that the deed of the property by Benedict to Wilcox and the mortgage of $20,000 from Wilcox to Benedict were transactions between Benedict and Wilcox in carrying out the agreement of Benedict with the plaintiff's husband, whereby the mortgage of $20,000 should be taken by Benedict and held in trust for plaintiff's benefit, and as security to her for the payment of the $20,000, the purchase price of the land. In that connection the jury also found that the husband had no authority to act for his wife as her agent. Her claim that the deed was delivered to Benedict without her authority is not quite in accordance with the allegations of her original verified complaint, to which I have called attention, and stands upon her own testimony alone, not even supported by the testimony of her husband, who was intrusted with the delivery of the deed and assumed charge of the matter for her, and had knowledge of and was connected with all subsequent transactions relating to the property.

But, assuming her testimony to be true, and that there was a lack of authority on the part of her husband to act for her, as she claims and as the jury found, I still think that the deed to Benedict and the subsequent conveyances should not have been absolutely set aside. The most the plaintiff can legally or equitably claim, as it seems to me, is a lien for the unpaid purchase price. Her counsel now urges that is what she is entitled to, and that may be correct. Seymour v. Mc-

Kinstry, 106 N. Y. 230, 12 N. E. 348, 14 N. E. 94. But, even so, I do not see how he can escape a reversal of this judgment. There is no sufficient basis, as it seems to me, for a modification of the judgment, as counsel suggests, to establish an equitable lien, because the amount thereof has not been established. The premises were incumbered at the time she executed the conveyance, and, if she is entitled to a lien, the amount thereof must be adjusted with reference to the incumbrances standing against the property at the time she executed her conveyance. The amount of the incumbrances seems to be somewhat in dispute, and something has been paid thereon since her conveyance to Benedict.

Furthermore, I think the trial was not free from error. The charge is not quite free from criticism, and there are also errors in rulings upon evidence. For instance, the defendants contended that the husband was the agent of the plaintiff, and that the circumstances were such that the jury should so find. The jury found to the contrary; but possibly, in reaching that conclusion, they may have put undue stress upon the testimony of the plaintiff, where she was permitted to say that she never gave her husband any authority to deal with the $20,000 mortgage, or to deal with the property at all, except as she had stated. This testimony was objected to as a conclusion, and such it would seem to be; but the objection was overruled, and the evidence taken. We might not reverse for this alone, but upon the whole there should be a new trial.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur; McLENNAN, P. J., in result only.