HUGH J. GRANT, as Receiver, etc., Respondent, *v.* PATRICK J. WALSH, Appellant.

One who has been induced to part with his property by the fraud of another, under guise of a contract, may, upon discovery of the fraud, rescind the contract and reclaim the property unless it has come into the possession of a *bona fide* holder.

Where the fraud is proved the burden is upon a third party claiming title to show that he is a *bona fide* holder.

Defendant drew a check upon a trust company, payable to his own order, which he indorsed "for deposit," and deposited it to his credit in the M. S. Bank; a half hour thereafter the bank closed its doors and never opened again for business. The check was delivered by the officers of the bank to the St. N. Bank, which was then acting as its clearing house agent. The latter bank on the next day presented the check for payment, which was refused, the drawee having been notified by defendant not to pay it. In an action upon the check the answer alleged the insolvency of the M. S. Bank at the time of the receipt by it of the check; that this was known to its officers; that the check was obtained from defendant by fraud, and that the St. N. Bank knew of such insolvency prior to the time of the deposit of the check by defendant. On the trial defendant offered to prove statements of the officers of the M. S. Bank made the day prior to that of the deposit showing knowledge of its insolvency; this was excluded. *Held,* error; that permitting defendant to make the deposit in reliance upon the supposed solvency of the M. S. Bank, with knowledge on the part of its officers of its insolvency, was a fraud upon him, and this he had a right to establish, and for that purpose the evidence excluded was competent.

The court also excluded evidence tending to show that the officers of the St. N. Bank had knowledge of the insolvency before the time of the deposit. *Held,* error.

*Grant* v. *Walsh* (81 Hun, 449), reversed.

(Submitted March 20, 1895; decided April 9, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 16, 1894, which overruled defendant's exceptions and ordered judgment in favor of plaintiff upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas C. Ennever* for appellant. The court erred in excluding the testimony tending to show the knowledge on the part of the Madison Square Bank that their bank was insolvent. (*Cragie* v. *Hadley*, 99 N. Y. 131; 67 id. 598; *Vosburgh* v. *Diefendorf*, 119 id. 357; *Grocer Bank* v. *Penfield*, 69 id. 502.)· The defendant did not waive his right to have the question of fact submitted to the jury by asking for a direction of the verdict. (*Koehler* v. *Adler*, 78 N. Y. 287.)

*Smith & White* for respondent. By defendant indorsing his check "for deposit" to his account, and delivering the same to the Madison Square Bank, according to his usual custom, the bank became the owner of the check, and could confer a perfect title upon its transferee, the St. Nicholas Bank, the original plaintiff in this action. (*M. N. Bank* v. *Loyd*, 90 N. Y. 530; *Cragie* v. *Hadley*, 99 id. 133; *A. E. Bank* v. *Gregg*, 37 Ill. App. 425.) The St. Nicholas Bank was the *bona fide* holder for value of the defendant's check by transfer under the circumstances disclosed by the evidence. (Daniel on Neg. Inst. §§ 769, 1562.) The affirmative defense set up in the answer, namely, that the Madison Square Bank practiced a fraud upon the defendant in accepting the deposit when insolvent, cannot avail the defendant as against the plaintiff in this action. (*M. Bank* v. *Loyd*, 90 N. Y. 537.) Defendant's remedy, if any, should be an action or proceeding against the Madison Square Bank or its receivers. (*Cragie* v. *Hadley*, 99 N. Y. 131.) Appellant wholly failed to establish the defense of insolvency and fraud, on the part of the Madison Square Bank, on accepting the deposit of his check on August 8, 1893, and that such insolvency and fraud were known to the St. Nicholas Bank on August 8, 1893, when it received the check, as alleged in defendant's answer. (*People* v. *S. N. Bank*, 77 Hun, 159.)

HAIGHT, J. This action was brought upon a check drawn by the defendant on the 8th day of August, 1893, upon the Farmers' Loan & Trust Company, payable to his own order

and indorsed by him "for deposit." About 2:30 o'clock in the afternoon of that day he caused the same to be deposited to his credit in the Madison Square Bank, in which bank he then had an account with a balance still standing to his credit. At 3 o'clock of that day the Madison Square Bank closed its doors and never thereafter opened for business. The officers of the Madison Square Bank then caused the check in question with others to be delivered to the St. Nicholas Bank, which was then acting as the clearing house agent of the Madison Square Bank. On the next morning the St. Nicholas Bank caused the check to be presented to the Farmers' Loan & Trust Company for payment, which was refused, the defendant having in the meantime learned of the failure of the Madison Square Bank and notified the Farmers' Loan & Trust Company not to pay it.

The answer of the defendant alleges that at the time of the deposit so made by him in the Madison Square Bank it was hopelessly insolvent, and that that fact was well known to the officers, agents and employees of the bank; that he did not know of its condition, but supposed it to be solvent, and that, in taking his check upon deposit without notifying him of its condition, a fraud was committed upon him. The answer also alleges that the St. Nicholas Bank did not lawfully obtain possession of the check, and is not the owner thereof in good faith or for value; that the St. Nicholas Bank knew, prior to the time of the making of the deposit of the check by the defendant, that the Madison Square Bank was hopelessly insolvent; that such insolvency was known to its officers, and that the check had been obtained from the defendant by fraud.

Upon the trial the plaintiff produced the check, offered it in evidence and rested. The defendant then, after showing the circumstances under which the check was drawn and deposited by him, called as a witness the receiving teller of the Madison Square Bank and asked him the following question: "On August 7th, 1893, or prior thereto, had any of the officers of that bank told you anything about the financial con-

dition of the bank?" This was objected to by the plaintiff as immaterial and incompetent. The objection was sustained and an exception taken by the defendant. The witness then testified that he did not hear from any person connected with the Madison Square Bank at any time prior to August 7, 1893, that the bank was insolvent and would have to discontinue business. The question was then asked: "Did you on August 7, 1893?" This was objected to as immaterial and incompetent. The objection was sustained and an exception was taken. The discount clerk of the Madison Square Bank was also sworn as a witness for the defendant and asked if he was present at a conversation on the day preceding August 8th, when the directors stated that the bank was busted and that they would have to stop business. This question was also objected to upon the same grounds, excluded and an exception taken. The cashier of the St. Nicholas Bank was also sworn as a witness for the defendant, and testified that he knew Mr. Judson, the bank examiner, and was then questioned as to whether he knew that Mr. Judson had examined the affairs of the Madison Square Bank prior to August 8, 1893, and as to whether he had had a conversation with him relative to the financial condition of the bank prior to that time. Each of which questions was objected to upon the same grounds, excluded and exceptions taken.

At the conclusion of the defendant's evidence the court directed a verdict for the plaintiff for the amount of the check, to which direction an exception was also taken.

We think the rulings alluded to were erroneous and that a new trial is required. It was shown that the Madison Square Bank was insolvent; that an action had been brought against it by the People and judgment entered dissolving it on the ground of insolvency, and appointing a permanent receiver. It is, therefore, apparent that no action could have been maintained upon the check by that bank if, as is claimed, the check was received after the officers of the bank knew of its condition, and of their inability to continue its business. The rule appears to be well settled that one who has been

induced to part with his property by the fraud of another, under guise of a contract, may, upon the discovery of the fraud, rescind the contract and reclaim the property, unless it has come into the possession of a *bona fide* holder.

In *Cragie* v. *Hadley* (99 N. Y. 131) an action was brought by the plaintiff against the receiver of the First National Bank of Buffalo to recover the amount of a draft deposited with the bank at a time when the managers thereof knew that it was insolvent. It was held that permitting the plaintiff to make the deposit in reliance upon the supposed solvency of the bank was a gross fraud upon the plaintiff, and that the latter was entitled to reclaim the draft or its proceeds.

The same rule was recognized in *Metropolitan National Bank* v. *Loyd* (90 N. Y. 530–537), but in that case there was no allegation of fraud in the answer, and, consequently, it was held that the evidence offered, tending to show fraud, was properly excluded. In this case, as we have seen, fraud on the part of the officers of the Madison Square Bank is alleged, and it appears to us that the defendant had the right to establish his allegations in this regard, and that they might have been sustained by the evidence excluded.

If the Madison Square Bank fraudulently procured possession of the defendant's check the plaintiff could not recover without showing that the St. Nicholas Bank was a *bona fide* purchaser and holder.

In *Canajoharie National Bank* v. *Diefendorf* (123 N. Y. 191–206), RUGER, Ch. J., in delivering the opinion of the court, says: "The burden of making out good faith is always upon the party asserting his title as a *bona fide* holder, in a case where the proof shows that the paper has been fraudulently, feloniously or illegally obtained from its maker or owner. Such a party makes out his title by presumptions, until it is impeached by evidence showing the paper had a fraudulent inception, and when this is done the plaintiff can no longer rest upon the presumptions, but must show affirmatively his good faith.

In *Vosburgh* v. *Diefendorf* (119 N. Y. 357–364), O'BRIEN,

J., says : " In this state it must be regarded now as a settled rule that when a maker of negotiable paper shows that it has been obtained from him by fraud or duress, a subsequent transferee must, before entitled to recover on it, show that he is a *bona fide* purchaser."

In *First National Bank* v. *Green* (43 N. Y. 298) it was held that a party suing upon a negotiable note purchased before maturity is presumed, in the first instance, to be a *bona fide* holder, but when the maker has shown that the note was obtained from him under duress, or that he was defrauded of it, the plaintiff would then be required to show under what circumstances and for what value he became the holder. The reason of this rule, as stated by RAPALLO, J., is that " where there is a fraud the presumption is that he who is guilty will part with the note for the purpose of enabling some third party to recover upon it, and such presumption operates against the holder, and it devolves upon him to show that he gave value for it." (*F. & C. Nat. Bank* v. *Noxon*, 45 N. Y. 762 ; *Ocean Nat. Bank* v. *Carll*, 55 id. 440 ; *Wilson* v. *Rocke*, 58 id. 642 ; *Nickerson* v. *Ruger*, 76 id. 279 ; 2 Greenl. Ev. § 172 ; *Bailey* v. *Bidwell*, 13 Mees. & Wes. 73.) If, therefore, the defendant had been permitted to show that a fraud had been practiced upon him by the officers of the Madison Square Bank, the presumption that the St. Nicholas Bank was a *bona fide* holder would no longer obtain, and then the St. Nicholas Bank could not recover without showing that it had received the check without knowledge of the fraud, in the regular course of business, and had paid value therefor. This it has failed to do. Not only has it failed to establish these facts, but the trial court excluded the evidence offered tending to show that its officers had knowledge of the actual condition of the Madison Square Bank and the circumstances under which that bank received the defendant's check.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.