MOTION—FURNISHING ADDRESS OF PARTY.
    A motion to require plaintiff to furnish his address will not be enter-
    tained, except on proof that his attorney refused the information desired.

Action by Theodore Goodness against the Metropolitan Street-
Railway Company. Motion to require plaintiff to furnish his place
of residence, by street and number, to defendant. Denied.

Henry A. Robinson, for the motion.
Frederick G. Wetterau, opposed.

GAYNOR, J. The court should not be bothered with a motion
like this except upon proof that a request has been made to the
attorney for the opposite side for the information and refused. In
this case the order to show cause seems to have been obtained only
as a subterfuge to get an extension of time to answer.

The motion is denied with $10 costs and the extension of time to
answer is vacated.

---

(39 App. Div. 130.)

### SPRING BROOK CHEMICAL CO. v. DUNN.

(Supreme Court, Appellate Division, Third Department. March 14, 1899.)

1. BANKS AND BANKING—INSOLVENCY—RECEIVING DEPOSITS.
    Where a debtor tenders a bank a draft in excess of his debt, and re-
    quests that the balance be placed to his credit, which the bank does, with-
    out disclosing its insolvency, it acquires no title, since it could not receive
    the draft, or any part of it, as a loan without making such disclosure.

2. SAME—BONA FIDE HOLDER—BURDEN OF PROOF.
    Where a bank receives a draft for deposit without disclosing to the
    depositor its insolvency, and transfers it to another bank in payment of
    an indebtedness, the latter cannot be protected as a bona fide holder, un-
    less it shows that there was an agreement that it was received in extin-
    guishment of the debt.

Action by the Spring Brook Chemical Company against George W.
Dunn, receiver of the Merchants' Bank. Submission under Code Civ.
Proc. § 1279, on an agreed statement of facts. Judgment for plaintiff.
    Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Charles S. Hall, for plaintiff.
H. D. Hinman, for defendant.

PARKER, P. J.   The first question to decide is whether the firm of Ross & Sons acquired any title to the drafts in question.   The transaction was, in effect, as follows:   Plaintiff offered two drafts, to the amount of $2,244.79, in satisfaction of its overdraft of $1,749.79, and asked that the balance of $495 be put to its credit in its account with the firm.   To the extent of that $495, it was in the nature of a loan, to be repaid on demand by the firm, and hence the obligation was imposed on the firm not to take such a loan, without disclosing its insolvent condition.   So far as either draft taken by it was to be applied in satisfaction of plaintiff's debt, it was well taken; but when either draft, or any part of it, was to be received as a loan, then it was fraudulently taken.   The firm was not excused from receiving part of the amount of the draft as a loan because the other part was offered to them in satisfaction of the debt.   Their right to receive, without disclosing their condition, extended only to the amount of their debt against plaintiff.   It was their duty, therefore, either to take the drafts and pay to the plaintiff so much thereof as was not needed to satisfy the overdraft, or else to decline to receive.   In other words, they are not excused for defrauding the plaintiff out of $495 by the claim that they could not divide the draft.   If they could not divide it, they should have told the plaintiff the truth, and given it an opportunity to divide.   I conclude that title to the larger draft was acquired by the firm, because it was tendered in satisfaction of plaintiff's debt, and the firm might well receive it without disclosing its financial condition to its debtor.   But as to the other the title was fraudulently acquired, because the firm had no right to receive it, or any part of it, as a loan without making such disclosure.   Cragie v. Hadley, 99 N. Y. 131, 135, 1 N. E. 537; Grant v. Walsh, 145 N. Y. 502, 40 N. E. 209.

But the question remains whether the Merchants' Bank is to be considered a bona fide holder for value of such draft; and, first, was it a holder for value?   It appears in the statement of facts that the Merchants' Bank received such draft, and applied and credited it, in payment of an indebtedness then existing from Ross & Sons to it, and that such draft was deposited by Ross & Sons with the bank for such purpose.   If we may fairly assume that there was an express agreement between the depositor and the bank that such draft should be received in payment and extinguishment of the debt to that extent, the bank would then stand in the position of a holder for value.   Mayer v. Heidelbach, 123 N. Y. 332, 25 N. E. 416.   But it is held in Insurance Co. v. Church, 81 N. Y. 221, that the intent to receive paper in absolute discharge and satisfaction of a debt may not be inferred from the ordinary transaction of accepting and receipting it in payment or crediting it on account; and the question arises whether it appears from the submission that anything more than that was done in this case.   That there was such an express agreement between the depositor and some officer acting for the bank, who had authority to make it, is not distinctly stated, and, as we have seen, it may not be

inferred, even though the bank did take and credit it as payment on its books. It is manifest that the bank parted with nothing on the credit of this draft, unless it had made a distinct and binding obligation to discharge a like amount of its debt against Ross & Sons, in exchange for it. In view of the rule that the burden is with a bank, claiming to be a bona fide holder for value, to establish all the facts necessary to give it that character (Grant v. Walsh, 145 N. Y. 502, 506, 40 N. E. 209), I conclude that the facts before us do not show that the Merchants' Bank was a holder for value of the draft in question. Such being the case, the plaintiff may reclaim the draft from the bank to the same extent that it could reclaim it against Ross & Sons. Grant v. Walsh, supra. In this case the plaintiff does not ask to reclaim the whole amount of the draft, but only that portion thereof as to which it was actually defrauded, and in my judgment it is entitled to judgment for that amount. All concur.