Daniels, J. [after stating the facts.]
The notice was incomplete, for it did not trace the money to the check, which had been delivered by the plaintiff to Branscom, on the Nassau Bank. But its deficiency in this respect did not operate to the prejudice of the plaintiff, for it appeared by the conversation which, on November 6, took place between the plaintiff’s counsel, Henry H- Bowman and Mr. Crane, the president of the bank, that it was understood by him that the notice did not refer to this money still standing to the credit of Branscom in his account, and which had in fact been obtained from the Nassau Bank on the check by this defendant.
This conversation was induced by a letter written by the president, dated the same day, stating that they had no funds under their control which were deposited by Alexander C. Branscom, as manager or otherwise.
The president of the bank, in the interview between himself and Mr. Bowman, explained this statement as having proceeded upon the circumstance that an attachment had been issued in favor of the Conrows against Branscom, under which the money owing to him by the bank had been attached and the interview which then took place proceeded throughout upon the practical concession that the president of the bank understood the written notice to refer to the plaintiff’s check and its proceeds, ■which had been collected by it and placed to the credit of Branscom.
It further appeared that the attachment proceedings were discontinued November 8, before the check in favor *179 -of Conrow Brothers for this sum of money had been paid over to them hy the bank, and that the payment was followed by a consultation with the counsel, who advised that ■such payment might safely be made. From this evidence the fact, very clearly appears that the president did understand that the written notice, as well as that contained in the verbal conversation, was intended to relate to the money paid out on this check, and that it was so paid to Con-row Brothers, in disregard of the notice which had been given informing the bank of the rights of the plaintiff, and having made the payment in that manner the bank cannot legally claim to be shielded from the consequences of its unauthorized act.
The cases of Ætna Bank v. Fourth National Bank (46 N. Y. 82) and Justh v. National Bank of Com. (56 Id. 478) do not protect the bank in making this payment of the money. In the first of these cases no question bearing any relation to this disposition of the money arose. It is no more than a decision concerning the effect of certifying a ■check, while in the latter case the money was paid out in good faith, which protected the bank on account of that circumstance not appearing in this case.
Neither did the attachment proceeding afford the bank •any legal reason for paying out this money after it had been advised of the claim or right of the plaintiff. For as that was issued against Branscom alone, no more could be ■seized under it than his right or interest in the money in ■controversy, and that was subordinate to the legal right of the plaintiff to reclaim it upon the discovery of the fraud •.and forgery and the election to rescind their agreement with Branscom. But it was not pretended and could not have been, that the attachment afforded any protection to the bank, for it had in fact been withdrawn as well as the levy under it, and the money was paid over in compliance with the check of Branscom, who had in this manner fraudulently received the. plaintiff’s check, and that in this state of the facts it had the right to disaffirm its transactions with *180 Brauscom and follow the money and reclaim it, so far as its-identity could be traced, has been reasonably well settled by the cases of Newton v. Porter, 69 N. Y. 133, and Dows v. Kidder, 84 Id. 121.
That this was the identical money produced "by the plaintiff’s check, is established by the fact that it was the last deposit in Branscom’s account, and this balance of it remained unpaid to him. The checks or drafts, previously made by him upon his account were, as a matter of legal presumption, first paid out of the preceding deposits, and the residue only not so paid, were then paid from so much of the last deposit as became necessary to meet their amounts.'
This presumption applies where no intervening circum.stance is made to appear justifying its exclusion, and there is no such circumstance in this case, for the account was kept generally as a debtor and creditor account in favor of Branscom, placing to his credit his deposits and charging against them the checks drawn by him in the order in which they were so drawn. And when that is the case, the presumption already mentioned applies—that the checks are-paid in the order in which they are drawn, out of the earlier, instead of the later deposits of money. Pennell v. Deffell, 4 De Gex, M. & G. 372, 384, following the rule in Clayton’s case, 1 Merrivale, 572, 608, and this has been farther sanctioned by the case of Knatchbull v. Hallett,. Law Rep. 13 Ch. Div. 696, and Dowes v. Kidder (supra) may not improperly be said to support the application of the same principle.
The bank, however, may still escape liability if the-fund parted with in this manner shall be recovered from the other defendants. For the object of the action is to follow and recover the fund as the equitable property of the plaintiff. The defendants Conrow received it in a manner charging them with notice of the plaintiff’s right to the money. If that had not been the fact, then under the authority of Stephens v. Board of Education (79 N. Y. *181 183,) the plaintiff would have no remedy over against them, for receiving such money in good faith upon a precedent indebtedness, will entitle the party receiving it to hold it. But before it was in this manner received, notice was given to Henry Parsons, who was the attorney and counsel for the Conrows, that the plaintiff claimed to be entitled to this money, as the proceeds of the check obtained from, them in the manner already stated. Before this conversation took place, they had employed Parsons to prosecute their demand against Branscom, and he had issued an attachment under which the seizure of the deposit was made. For that attachment was issued on November •3rd, and on the fifth of the same month, Mr. Bowman testified that he stated to Parsons that the money in the bank was the plaintiff’s money, obtained through fraud, and claimed .that neither Mr. Conrow nor Branscom, nor any one else, had title to it. After this conversation, as well as the preceding conversation between Bowman and one of the defendants, it can not very well be assumed to be the fact that these defendants received the money in good faith. The evidence is adverse to that presumption, leading directly to the conclusion that when they received it on November 8th, it was subject to this notice given to their attorney and counsel, that it was the money of the plaintiff and not of Branscom, and that the notice is entitled to have that weight and effect in the case, seems to be sustained by what was held in Village of Port Jervis v. First National Bank, 96 N. Y. 550, 558, 559.
At the close of the proof, an application was made by the counsel for the Conrow Brothers, for a direction that the plaintiff should elect which of the defendants it would claim to hold.
This was objected to by the plaintiff, but the court nevertheless required the election to be made, and to that ruling the plaintiff excepted, and under it the election was made to proceed against the bank, and the complaint was dismissed as to the Conrow Brothers. There was no founda *182 tion for such an application. The case proceeded upon a. single cause of action, and that was the alleged right of the plaintiff to follow and recover this money from the possession of the party to which it would be traced, and to entitle-it to recover in this action, it was necessary that these-different defendants should be brought before the court,, and the plaintiff had the right to present its case with all of them present in the action, and to be secured such relief against either or both as under the circumstances it might be legally entitled to demand. If ¿hat relief could not be-obtained from the Oonrow Brothers, it probably might be against the bank, for paying over this money to them after-receiving information of the plaintiff’s right to it.
It had the right also, to claim that theée defendants were-primarily liable to it, and the bank liable only ■ in case satisfaction could not be obtained from them, and for the-complete and effectual disposition of the controversy these-persons were all necessary parties to the action.
The case was erroneously disposed of, and the judgment should be reversed and a new trial ordered, with costs to-abide the event.
Van Beunt, P. J., and Beady, J., concurred.
Note.—The complaint, omitting formal parts, is inserted here as a useful precedent.
I. [The incorporation and the partnership were alleged in the usual form.]
II. That heretofore, and on or about October 14, 1884, the-plaintiff entered into a contract with defendant Branscom, whereby the plaintiff agreed to sell to said defendant certain merchandise, and also to advance to him the sum of §4,500 upon the faith, of a. certain paper, purporting to be a promissory note, [stating its tenor, ] ■which said note purported to be signed by William Oliver, as Secretary and Treasurer of said Mississippi Mills, a corporation organized in the-State of Mississippi, and which note also purported to be indorsed by the payee named therein, and made payable thereby to the order of the-defendant Branscom; and that on or about the said October 14, 1884, a paper purporting to be the promissory note as above *183 described, was duly delivered to the plaintiff by the defendant Branscom, and the plaintiff accepted the same upon the express representation of the said defendant Branscom, that the said paper was a good and valid promissory note, in all respects duly made by or on behalf of the Mississippi Mills, a corporation as aforesaid; that the signature thereto was genuine, and duly authorized by said corporation by its proper officer, and also duly indorsed by the payee named therein; and that the indorsements in writing thereon, purporting to be made by Colonel Ed. Richardson," the payee named in the said note, were duly made by the payee so named.
III. That thereafter, and on or about October 29, 1884, at the request of the said defendant Branscom, and in pursuance of the aforesaid contract, the plaintiff, relying upon the genuineness and validity of the said alleged promissory note, and the indorsements thereon, advanced and delivered to the defendant Brans com, the sum of §4,500, which the defendant Banscom received in pursuance of the said agreement, and solely upon the faith of the validity of the said alleged note, and the genuineness of the signature and indorsements thereon, and not otherwise.
IY. That, as plaintiff is informed and believes, the defendant Branscom deposited the same sum of $4,500 with the defendant, ¡National Shoe and Leather Bank, and that said bank received the same money from the said Branscom, and placed it to his credit in an account kept therein with said Branscom under the name of “ A. 0. Branscom, Manager,” and that, as plaintiff is further informed and believes, of the said sum of money so deposited, a large portion, and about the sum of $2,925, so remained deposited in the said bank to the credit of the defendant Branscom until ¡November 8, 1884.
Y. The plaintiff further alleges, upon information and belief, that the above described paper purporting to be a promissory note, with the indorsements thereon, was nota valid promissory note, in that the signature thereto was not the genuine signature .of an officer of the Company styled “Mississippi Mills,” nor made by any officer or agent of said company having authority to sign the said note, and that the said note was never issued or delivered by the alleged maker thereof or by any officer or agent thereof, duly authorized for that purpose ; and also that the said paper was never duly endorsed by Col. Ed. Richardson, the payee therein named, and that no indorsement upon said note, excepting that made by the defendant Branscom, was genuine, and by reason thereof the said paper, upon the faith of which this plaintiff had advanced to the said defendant Branscom the said sum of $4,500, was of no value and of no force or effect as against said ¡Mississippi Mills or the said Richardson whatsoever, all of which the *184 said defendant Branscom well knew at the time he delivered the same, to this plaintiff and received from this plaintiff the said sum of $4,500, but which he did not disclose to the plaintiff, and falsely represented to the plaintiff that said paper was a good and valid promissory note and that the indorsements thereon were genuine, and that he was the lawful holder and owner thereof.
VI. That from the time of the delivery of said pretended promissory note to the plaintiff as aforesaid, at all times until on or about November 5, 1884, the plaintiff believed the said note, the execution and delivery thereof, and the indorsements thereon were each and all genuine and valid, and that on the said November 5, 1884, for the first time, this plaintiff was informed that said note was not genuine as to its signature; that it had not been duly made or delivered by the said Mississippi Mills, and that the indorsements thereon prior to that of the defendant Branscom were not genuine, and that the said note was of no force or effect as against the makers or indorsers other than defendant Branscom.
VII. ’ That immediately upon being so informed, the plaintiff rescinded and annulled the aforesaid agreement between it and the defendant Branscom, and also gave notice of all and singular the aforesaid matters and things to the defendants other than Alexander C. Branscom, and in particular notified them, and each and every of them, that the afore-' said sum of $4,500 had been obtained by the defendant Branscom from the plaintiff by trick and device, fraud and false pretenses with respect to the aforesaid paper purporting to be a promissory note, and the pretended indorsements thereon; and also notified them, and each of them, that the said sum of money so remaining on deposit in'the said bank to'the credit of the said Branscom, was a part of the same money which this plaintiff had so advanced to the said Branscom by reason of the said false pretenses and fraudulent representations, and that the said agreement under which the same had been so advanced, had been rescinded by the plaintiff, and also by the voluntary act of the defendant Branscom, and that this plaintiff was the sole' owner of the said sum of money remaining on deposit in said bank to the credit of said A. 0. Branscom, manager, and that the said defendant Branscom, had no right, title, or interest in, or to the said moneySj but that he held the same solely for the use and benefit of the plaintiff, and as' its trustee thereof.
VIII. That thereafter, as plaintiff is further informed and believes, and on or about November 8, 1884, with full knowledge of all and' singular the matters and things hereinbefore alleged, the three defendants Oonrow acting in their own behalf, and also by their agent and attorney, represented to the defendant Branscom that they *185 •were acting on behalf of themselves, and of this plaintiff, for the settlement of the claims of the said Conrow Bros, and this plaintiff, respectively, which the said Branscom believed and thereby was induced to draw and deliver to them his check, dated on said day directed to .the said National Shoe and Leather Bank for the sum of $2,915— payable to the order of Conrow Brothers, defendants as aforesaid, who indorsed said check, and on or about the same day presented the same to the said bank, or caused it to be so presented for payment, .and that the said bank paid over to the said Conrow Brothers, or to their order, the sum of money mentioned in said check, to wit, $2,915—as plaintiff is informed and believes ; and that, as this plaintiff is further informed and believes, the said Conrow Brothers had and received the said sum of money, and still hold the same, with full knowledge and notice from the plaintiff of all and singular the matters .and things hereinbefore alleged, and without any present consideration then moving from the said defendants Conrow, or either of them, unto the defendant Branscom, or otherwise; but that, as plaintiff is further informed and believes, the said money was so obtained by the said defendants Conrow from the said bank by connivance between the defendants Conrow and the defendant Branscom, in order to enable the defendants Conrow, copartners as aforesaid, to get possession of the said sum of §2,915—and apply the same upon the account of some debt or demand which the said Conrow Brothers had or claimed to have, against the defendant Branscom, and in fraud of the plaintiff’s Tight to have the said sum of money returned to it by reason of the matters and things hereinbefore set forth, of which the said defendants ' Branscom and Conrow were duly notified as aforesaid.
IX. That, as plaintiff is further informed and believes, the defendant, Alexander 0. Branscom, is wholly insolvent, and has no property within the State of New York or elsewhere, out of which a judgment for an)' sum of money whatever could be collected or satisfied, and that a judgment for the said sum of $4,500 advanced and paid to him as aforesaid, or any part thereof, would be of no value to the plaintiff .and that the plaintiff has no remedy or means in .law of collecting the said sum of $4,500 or any part thereof, except by establishing its right to the specific sum of money deposited by the said defendant Branscom as aforesaid, with the defendant bank, and so remaining on deposit until November 8, 1884.
Whekefoue, plaintiff demands judgment :
1. That the contract between the plaintiff and defendant, Alexander ■O. Branscom, entered into on or about October 14, 1884, hereinbefore described, is null and void, and that said defendant produce said iwriting and deliver the same up to be cancelled.
*186 2. That the sum of $4,500 was delivered by the plaintiff to the-defendant, Alexander C. Branscom, October 29, 1884, in pursuance of the aforesaid supposed contract, and without any consideration moving from the said defendant Branscom to the plaintiffs.
3. That the defendant Alexander C. Branscom, acquired no right in, or title to, the said sum of $4,500 so delivered to him by the plaintiffs on October 29, 1884, or any part thereof, but held the same only as the trustee of the plaintiffs, and to the plaintiffs’ sole use.
4. That prior to November 8, 1884, the plaintiffs gave to the defendants, and each and every of them, due notice that the said sum of $4,500 had' been obtained from the plaintiffs by the defendant Branscom by fraud and deceit, and that by reason thereof, plaintiffs had rescinded the contract under which it was obtained and had demanded the return of said money and every part thereof, and also that the sum of about $2,915; then on deposit to the credit of the defendant, Alexander C. Branscom, with the defendant, The National Shoe and Leather Bank, was a part of the said sum of $4,500 obtained by fraud and deceit, as aforesaid, and that the plaintiffs demanded that the said sum so deposited with said bank be paid to it.
5. That on November 8, 1884, the defendant Branscom andi the three defendants Conrow conniving together, caused the said sum of $2,915 to be paid out of said bank to the defendants Conrow, copartners as aforesaid, or to their order, and that for the said money the defendants Conrow gave no present consideration to said Branscom,
6. That the plaintiffs recover of the defendant, Alexander C. Branscom, the sum of $4,500 with interest thereon from October 29, 1884.
7. That the plaintiffs recover of the defendants other than said Branscom the sum of $2,915—with interest from November 8,. 1884.
8. For the costs of this action.
Smith & Bowman,

Plaintiffs' Attorneys.

A new trial was had in March, 1888, before Andrews,. J., resulting in a judgment in favor of plaintiffs and against all the defendants for the amount claimed. The judgment contained the following provisions as to its enforcements “ It is further ordered and adjudged, that this judgment shall be first enforced against the three defendants, Theodore Conrow, James W. Conrow and William E. Conrow, *187 by an execution issued upon the said judgment as against them as aforesaid, for the amount which they are adjudged to pay, with, the interest as aforesaid, and costs and additional allowance; and in case such execution shall be returned wholly or partly unsatisfied, then the amount thereof" remaining unpaid and unsatisfied shall be enforced by execution against the defendant, the National Shoe and Leather Bank, and in the event of the return of said execution against the property of said Conrows unsatisfied, in whole or in part, and the payment of the judgment by the bank, the said plaintiff- shall execute an assignment of the judgment against the said Conrows to said bank, which shall have the right to enforce the same against said Conrows.”