(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

MASTER AND SERVANT—FELLOW SERVANTS.

    One employed in unloading rails from a train was a fellow servant of the engineer.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 501, 503.]

Appeal from Dutchess County Court.

  Action by Paolo De Santes against the New York, New Haven & Hartford Railroad Company. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

W. C. Anthony, for appellant.

Elijah T. Russell, for respondent.

GAYNOR, J. The defendant was distributing rails along its track with a gang of men of whom the plaintiff was one—unloading them from a train of platform cars, which were enclosed by low sidings and ends, however. As the train was about to be started, the men got aboard the cars. The plaintiff sat on the end of one of the cars with his feet on the floor. The rails were shorter than the car, and lacked a foot or eighteen inches of reaching the end where he sat. The engineer backed his engine up against the train with such violence when he went to couple it that the rails shoved or skidded along the floor and caught the plaintiff's leg and broke it.

The case was sent to the jury under a charge that pointed out no negligence that could be attributed to the defendant; the jury were left to do as they pleased. The negligence of the engineer was concededly that of a fellow workman, and that is all there is of the case.

The judgment should be reversed.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.

---

(118 App. Div. 772)

## OAKES v. RITER et al.

(Supreme Court, Appellate Division, First Department. April 19, 1907.)

DEPOSITIONS—RIGHT TO TAKE—STATUTORY PROVISIONS.

    Code Civ. Proc. § 887, provides that in cases specified in section 888, where it appears by affidavit on the application of either party that the testimony of a witness not within the state is material, a commission may be issued to examine the witness upon written interrogatories. Section 888, subd. 5, provides that such a commission may be issued where an issue of fact has been joined and the testimony is material to the applicant. Section 889 provides that the application must be granted upon satisfactory proof of the facts authorizing it, unless the court has reason to believe that the application is not made in good faith. *Held*, that where, on a motion for a commission to take defendant's testimony, the moving papers set up the necessary facts as prescribed by sections 887 and 888, and there was nothing in the papers furnishing reason to be-

lieve that the application was in bad faith, the defendant was entitled as of right to have the commission issue.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 4.]

Appeal from Special Term, New York County.

Action by Chandler A. Oakes against Thomas B. Riter, impleaded with Murt K. Salsbury and others. From an order denying his motion for the issuance of a commission to take testimony upon written interrogatories, Thomas B. Riter appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

McElheny & Bennett (William M. Bennett, of counsel), for appellant.

Albert I. Sire, for respondent.

CLARKE, J. The defendant Riter is a nonresident of the state of New York and is now without the state, being in the city of Pittsburg, Pa., where he resides. An issue of fact has been joined, and the testimony of the defendant is material. Said defendant applied to the Special Term for an order for the issuance of a commission for the purpose of taking his testimony to be used upon the trial upon written interrogatories. The moving papers set up the necessary facts as prescribed by sections 887 and 888 of the Code of Civil Procedure, and in addition thereto that said Riter was seriously ill and confined to his bed in the city of Pittsburg.

Section 887 provides that.

"In a case specified in the next section, where it appears by affidavit on the application of either party that the testimony of one or more witnesses not within the state is material to the applicant, a commission may be issued. * * * The applicant or any other party to the action may be thus examined."

Section 888 provides that:

"Such a commission may be issued: * * * (5) Where an issue of fact has been joined in an action pending in a court of record and the testimony is material to the applicant in the prosecution or defense thereof."

Section 889 provides that:

"An order * * * must be granted upon satisfactory proof of the facts authorizing it, unless the court or judge has reason to believe that the application is not made in good faith, or unless an order for an open commission or for taking depositions is made as prescribed in this article."

There is nothing in these papers furnishing a reason to believe that the application is not made in good faith. In the absence of bad faith, the provision is mandatory. All that is necessary to appear to justify the granting of the motion for a commission is that the action should be one mentioned under section 888 and that the testimony of one or more witnesses, not within the state, is material to the applicant. Laidlaw v. Stimson, 67 App. Div. 545, 74 N. Y. Supp. 684. "The commission may, in a proper case, issue to examine a party, as well as a witness, upon interrogatories, pursuant to section 887 of the Code of

Civil Procedure." Ordway v. Radigan, 114 App. Div. 538, 100 N. Y. Supp. 121.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.