The plaintiff also admits in the same letter that "the amount which I actually missed during the five days would not figure to much over half that," meaning the one-half of the $200 fixed by her as compensation, and although she stated that, "summing up everything, the whole would not make more than $200 difference in my income," she adds later on, "I will have to leave it entirely in your hands." As before stated, the evidence is plain that, except, perhaps, for the first visit, the plaintiff was not promised, nor did she except to receive, any reward, but, on the contrary, rendered the services subsequently charged for wholly through friendship for the defendant and his wife; and where services are so rendered no compensation therefor can be recovered. Am. & Eng. Ency. of Law (2d Ed.) vol. 15, p. 1079; Doyle v. Rector, etc., of Trinity Church, 133 N. Y. 372, 31 N. E. 221.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless the plaintiff will stipulate within five days to reduce the amount of the judgment to the sum of $100 and appropriate costs in the court below, in which event the judgment, as so modified, will be affirmed, without costs to either party on this appeal. All concur.

---

ROYAL BANK OF NEW YORK v. GERMAN–AMERICAN INS. CO.

(Supreme Court, Appellate Term. April 10, 1908.)

1 BILLS AND NOTES—ACTIONS—BURDEN OF PROOF—GOOD FAITH AND PAYMENT OF VALUE.

In an action by the indorsee of a draft, the burden is on plaintiff to show by a fair preponderance of the evidence that it acquired the draft in good faith, for value, and without notice of any fatal infirmity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1675–1687.]

2. SAME—SUFFICIENCY OF EVIDENCE.

In an action by an indorsee of a draft, the evidence examined, and held to warrant a finding that plaintiff did not sustain the burden of showing that it acquired the draft in good faith without notice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1832–1839.]

3. SAME—LIABILITIES ON TRANSFER—BONA FIDE PURCHASERS—CONSTRUCTIVE NOTICE.

The holder of a negotiable instrument, who has no actual knowledge of a defect in the title or other equities between the parties, when circumstances come to his knowledge sufficient to put him on inquiry, is chargeable with knowledge of all the facts that such inquiry would have revealed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 821–824.]

Appeal from City Court of New York.

Action by the Royal Bank of New York against the German-American Insurance Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Brush & Crawford (John J. Crawford, of counsel), for appellant.
Shearman & Sterling (Carl A. Mead, of counsel), for respondent.

GILDERSLEEVE, P. J. This action was brought upon the following instrument:

"$544.50.                    ·          New York, July 29th, 1907.  98,256.

"Upon acceptance the National Bank of Commerce in New York will pay to the order of F. Berg, five hundred forty-four & 50/100 dollars which payment, evidenced by proper endorsement hereof, constitutes full satisfaction of all claims and demands for loss and damage by fire, which occurred on the 25th day of July, 1907, to property described in policy No. 516,262, issued at the Bronx Borough Agency, and said policy is hereby cancelled and surrendered to the company.

"To German-American Insurance Company, New York.

                                        "George H. Hallett."

(Indorsed):

"F. Berg.
"S. W. Rosenthal.
"Pay to the order of the Liberty National Bank.
                    "The Royal Bank of New York.
                        "F. Cy. Straat, Cashier."

On the margin of the said draft was the following:        ·

"Claim No. 141,173.        ·              Accepted Jul. 31, 1907.
                "German-American Insurance Company,
                            "Wm. N. Kremer, President.
"E. M. Cragin, A. Secretary."

The draft, as appears upon its face, was in payment of a claim under a policy of fire insurance. It was drawn by George H. Hallett, the general adjuster of the defendant. The plaintiff made no claim upon the trial that the instrument was the personal draft of Hallett. The plaintiff's president testified:

"I had, prior to that time, cashed drafts drawn by George H. Hallett on the German-American Insurance Company. We had cashed thousands of dollars of these drafts."

It is clear that Hallett signed as agent, and that the plaintiff had actual knowledge of that fact. It will be observed that the draft was signed on July 29, 1907, and issued to F. Berg, the payee, who was the beneficiary under the policy of insurance, indorsed by Berg and by S. W. Rosenthal, who, as appears from the evidence, acted for Berg in adjusting the loss. Rosenthal took Berg to the plaintiff bank, introduced him to the officers, and the bank cashed the draft at its face, less $2.25 charged as a collection fee; the payee not being a customer of the bank. On July 31st, two days afterward, the draft was presented to the defendant and by it duly accepted. When the draft was presented through the Clearing House to the National Bank of Commerce, payment was refused because the acceptor had stopped payment. On the morning of August 1st, and before the presentation of the draft, as just stated, to the National Bank of Commerce, the defendant learned that Berg had been guilty of fraud in obtaining the same, and for this reason stopped payment thereof. The fraud consisted in misrepresentation by Berg as to other insurance. The fraud of Berg was clearly established, and the court withdrew that question from the jury without objection by the plaintiff. Neither party moved to take the case from the jury, and the learned trial judge, in charging the jury, very properly said:

."The sole and only question that you are called upon to determine is whether or not plaintiff is a holder in good faith and for value."

Upon this issue the jury rendered a verdict for the defendant. The judgment is challenged upon the ground of alleged errors in the charge to the jury and upon the further ground that the verdict is against the weight of evidence.

Should the verdict be disturbed for want of evidence to sustain it? We think it should not. The burden rested upon the plaintiff of showing by a fair preponderance of the evidence that it acquired the draft in good faith, for value, and without notice of any fatal infirmity. It appears that the plaintiff was ignorant of the financial condition of either Berg or Rosenthal; that Rosenthal had never met Berg until the day he introduced him to the bank, and was unacquainted with his occupation; that neither of these gentlemen had any account with the plaintiff; that the address of Berg was not ascertained; that every one of the plaintiff's witnesses was interested in the outcome of the suit; that the·draft had not been accepted by the defendant, and was in satisfaction of a claim for loss and damage by fire; and, most significant of all, the draft, by its express terms, was conditional. It stated that "upon acceptance" the National Bank of Commerce would pay. The draft is not the usual unconditional order by one to another, requiring the one to whom it was addressed to pay, irrespective of any contingency. Applying the well-settled rule that an appellate tribunal interferes reluctantly with the determination of a jury when inferences are to be drawn from facts and circumstances submitted to them, and that an order refusing to set aside a verdict should not be reversed if there is any evidence tending to sustain the verdict, we reach the conclusion that the verdict should not be set aside as against the weight of evidence. We think there were sufficient circumstances to put the plaintiff's officers upon inquiry, which, if pursued to a reasonable extent, would have disclosed the fraud of Berg.

The jury was justified in finding that the plaintiff had not sustained the burden of showing its good faith. The facts established bring the case within the rule laid down in Cheever v. Pittsburgh, etc., R. Co., 150 N. Y. 59, 44 N. E. 701, 34 L. R. A. 69, 55 Am. St. Rep. 646, which is stated as follows:

"The holder of a note who has no actual knowledge or notice of a defect in the title, or other equities between the parties, when circumstances come to his knowledge sufficient to put him upon inquiry, is chargeable with knowledge of all the facts that such inquiry would have revealed."

The instructions to the jury, taken as a whole, constitute a concise and correct statement of the law applicable to the case.

The judgment should be affirmed, with costs to the respondent. All concur.