ZEGGIO et al. v. ROBINSON et al.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

DEPOSITIONS (§ 33*)—APPOINTMENT OF COMMISSION—LACHES.

Under Code Civ. Proc. § 889, providing for a commission to take the deposition of a witness without the state, unless the court has reason to believe that the application is not made in good faith, laches was not of itself a sufficient reason to justify the denial of a motion for a commission.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 42; Dec. Dig. § 33.*]

Appeal from Special Term, New York County.

Action by Helen R. Zeggio and another against Duryea E. Robinson and others. From an order of Special Term denying defendants' motion to open default, they appeal. Reversed.

See, also, 150 App. Div. 900, 134 N. Y. Supp. 1150.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

L. Laflin Kellogg, of New York City, for appellants.
James L. Bishop, of New York City, for infant defendants.
Payson Merrill, of New York City, for respondents.

PER CURIAM. Except in a case specified in subdivision 3 of section 888 of the Code of Civil Procedure, an application for a commission to take the deposition of a witness without the state "must be granted, upon satisfactory proof of the facts authorizing it, unless the court or judge has reason to believe, that the application is not made in good faith." Section 889, Code of Civil Procedure; Oakes v. Riter, 118 App. Div. 772, 103 N. Y. Supp. 849. Laches furnishes sufficient reason to deny a stay of the trial of the action pending a

return of the commission, but is not of itself sufficient to justify a denial of the motion for a commission.

The order of September 4, 1912, is reversed, with $10 costs and disbursements, and the motion granted.