(84 Misc. Rep. 39)

## ESTRICK v. KOBRE.

(Supreme Court, Appellate Term, First Department. February 11, 1914.)

DEPOSITIONS (§ 32*)—COMMISSION—PETITION—RESIDENCE OF WITNESS.

Where an application for a commission to take testimony of foreign witnesses alleged that the contract sued on was entered into with certain persons in Roumania, that the witnesses sought to be examined at the time of making the contract resided and still reside in Roumania, and, since defendant could not procure the attendance of the witnesses on the trial, it was necessary that their testimony be taken by commission, etc., it sufficiently alleged that the witnesses resided abroad, and were not temporarily within the state of New York.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 41; Dec. Dig. § 32.*]

Appeal from City Court of New York, Special Term.

Action by Joseph Estrick against Max Kobre. From an order of the city court directing the issue of a commission to take testimony of witnesses in a foreign country, defendant appeals. Affirmed.

Argued February term, 1914, before SEABURY, GUY, and DE-LANY, JJ.

Feltenstein & Rosenstein, of New York City, for appellant.
Joshua S. Shapiro, of New York City, for respondent.

SEABURY, J. The defendant appeals from an order directing a commission to issue to the American consul at the town of Husi, Roumania, to examine two witnesses in the plaintiff's behalf. The defendant opposed the motion on the ground that the papers upon which it was made were insufficient, in that they do not specifically state that the witnesses sought to be examined were "not within the state of New York." It is true that the moving papers fail to contain such an explicit allegation, and yet, in the absence of any affidavit controverting the facts alleged in the moving affidavits, I think they were sufficient to authorize the court to grant the motion. The affidavit upon which the motion was granted sets forth that the contract sued upon was entered into with certain persons in Roumania; that the witnesses sought to be examined at the time of making the contract "resided and still reside at Husi, Roumania," and, "since deponent cannot procure the attendance of these witnesses upon the trial, it is necessary that their testimony be taken by commission," etc. It is true, as pointed out by the appellant, that the allegation of "residence" abroad is not, in a technical sense, inconsistent with temporary presence within the state (Burnell v. Coles, 23 Misc. Rep. 615, 617, 52 N. Y. Supp. 200), but where all of the allegations of the affidavit are considered together and fairly construed, they are equivalent to the statement that the witnesses sought to be examined are not now within the state. Such seems to me to be the fair and reasonable interpretation to be placed upon the uncontroverted averments contained in the affidavit. Our

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

present practice in these matters is already sufficiently technical, and there is no reason why the courts should go out of their way to insist upon allegations in an affidavit being made literally in the language of the statute, when in substance the provisions of the statute have been fairly complied with. This is especially so where no prejudice can result to the opposing party by the failure of his adversary to employ the exact language of the statute. In the absence of bad faith the Code provision, requiring the issuance of a commission upon interrogatories, is mandatory. Oakes v. Riter, 118 App. Div..772, 103 N. Y. Supp. 849. In view of the fact that the code provision was substantially complied with, when the allegations of the plaintiff's affidavit are fairly construed, the court below properly directed that the commission issue.

Order appealed from affirmed, with $10 costs and disbursements.. All concur.