BRYANT et al. v. CENTURY BANK OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. October 26, 1915.)

1. SALES ☞226—INNOCENT PURCHASERS.
    Where one obtains property by a common-law larceny, and sells the same to a bona fide purchaser for value without notice of the defect in title, the vendee does not obtain title as against the true owner.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 626–644, 652; Dec. Dig. ☞226.]

2. LARCENY ☞14—PROCURING CHECK—FRAUDULENT PROCUREMENT—EFFECT.
    Where a party secured a check from a contracting firm upon the representation that he was to secure bids for certain buildings, when in fact he was never authorized so to do, and misappropriated the checks, the checks were obtained upon false representations, and he was guilty of common-law larceny.
    [Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 34–38; Dec. Dig. ☞14.]

3. BANKS AND BANKING ☞146—PAYMENT OF CHECK—NOTICE OF FRAUD— EFFECT.
    Where a bank prior to presentment of a check has notice that the check was obtained by fraud, the bank is justified in refusing payment of the check.
    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 434–437; Dec. Dig. ☞146.]

4. BANKS AND BANKING ☞146—PAYMENT OF CHECK—NOTICE OF FRAUD—EFFECT.
    Where a bank has notice that a check was obtained by fraud, it is required to hold the proceeds thereof for the benefit of the true owner.
    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 434–437; Dec. Dig. ☞146.]

Action by J. Wilson Bryant and Max S. Grifenhagen, as Sheriff of New York County, against the Century Bank of the City of New York. Judgment for defendant.

J. Wilson Bryant, of New York City, for plaintiffs.
Jesse S. Epstein, of New York City (George R. Walker, of New York City, of counsel), for defendant.

NEWBURGER, J. This case has been submitted upon the following agreed statement of facts: On or about September 11, 1914, one Richard B. Whitlock opened an account with the defendant bank by depositing two certified checks made to the order of Whitlock. One was drawn by Lang Bergstrom Company on the Bank of Italy, San Francisco, for $2,400, and the other by Boyd, Kerr & McLean on the American National Bank of San Francisco for $2,200. The $2,-400 was never paid, while the defendant received the $2,200 from the bank in San Francisco. No other deposits were ever made to this account. On September 23, 1914, the defendant bank received notice from the attorney of Boyd, Kerr & McLean that Whitlock had received a number of certified checks from contractors on the false representation that he was acting as commercial agent of Hayti and San Domingo in connection with the erection jointly by these two govern-

ments of a building at the Panama-Pacific Exposition; that Whitlock had obtained these checks in connection with bids that he had asked for on such a building and had misappropriated these checks, and that none of them should be paid. On September 25, 1914, the defendant bank received a further notice from said attorney as to Whitlock's conduct. On the 26th day of September, 1914, a check was presented to the defendant bank in the sum of $500, payable to the order of Cash, payment of which was refused. Subsequently defendant received notice that the two checks hereinbefore referred to were simply inclosed by the contractors with their bids and that the federal authorities had taken proceedings against Whitlock. On or about the 5th day of October, 1914, the plaintiff, who had presented the $500 check to the defendant, commenced an action in this court, and procured an attachment, to be served on the defendant, to which it made no return. On November 5, 1914, the defendant paid the proceeds of the $2,200 check back to Boyd, Kerr & McLean. Subsequently the plaintiff procured a judgment against Whitlock by default after publication of the summons. Thereafter execution was issued and returned unsatisfied, and this action is now brought to recover the amount of $500, with interest and costs.

It is conceded that Whitlock obtained the $2,400 as a bid check and a number of other certified checks from exposition contractors amounting to $30,000. Neither of the governments of Hayti or San Domingo authorized any building at the Panama Exposition or authorized Whitlock to ask for bids or obtain any bid checks. A federal warrant has been issued for the arrest of Whitlock for misuse of the mail in connection with obtaining these bids from contractors in San Francisco.

[1] It is elementary that where one obtains property by a common-law larceny and sells the same to a bona fide purchaser for value without notice of the defect in title the vendee does not obtain title as against the true owner.

[2] The obtaining of the check by Whitlock from Boyd, Kerr & McLean was for a bid on a building never authorized, and was thus obtained by Whitlock upon representations that were false. He was therefore guilty of common-law larceny. See People v. Miller, 169 N. Y. 339, 62 N. E. 418, 88 Am. St. Rep. 546; Dows v. Kidder, 84 N. Y. 121. It is also well settled that the true owner deprived of his property by a felonious act is entitled to recover the same wherever found. See Am. Sugar Refining Co. v. Fancher, 145 N. Y. 552, 40 N. E. 206, 27 L. R. A. 757.

[3] Prior to the presentation by the plaintiff through his bank of the $500 check defendant had notice of methods pursued by Whitlock in obtaining the $2,400 check, and therefore was justified in refusing payment of the check claimed by the plaintiff.

[4] The defendant bank had notice that the check for $2,400 was obtained by fraud, and was required to hold the proceeds thereof for the benefit of the true owner. See Adams v. Nat. Shoe & Leather Bank, 23 Abb. N. C. 172, 9 N. Y. Supp. 75.

Judgment for the defendant. Submit findings and decree.