(93 Misc. Rep. 64)

### ANCHOR REALTY CO. v. BANKERS' TRUST CO.

(Supreme Court, Appellate Term, First Department.    December 30, 1915.)

1. COURTS ⚖︎189—MUNICIPAL COURT—COMMISSION TO TAKE TESTIMONY OUT OF THE STATE—DUTY TO ISSUE.

    It is mandatory upon a municipal judge to grant a motion for the issuance of a commission to take testimony outside the state, provided the moving papers, which include, under Code Civ. Proc. § 768, the pleadings, make out a prima facie case and that the evidence is material.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⚖︎189.]

2. DEPOSITIONS ⚖︎12—COMMISSION TO TAKE TESTIMONY—RIGHT TO ISSUANCE.

    In an action on travelers' checks issued by defendant, payable upon being countersigned by the purchaser, the defendant averred that the signature of the purchaser was obtained with fraud, with notice thereof to plaintiff before parting with value for the checks, and that the checks, after being so countersigned, were delivered for a special purpose, but diverted therefrom to plaintiff's knowledge.  Defendant moved for a commission to take the testimony of the purchaser, who was out of the state.  Held that, as the answer constituted part of the moving papers, the evidence of the purchaser was material to the issue, and so the denial of the motion was error.

    [Ed. Note.—For other cases, see Depositions, Cent. Dig. § 27; Dec. Dig. ⚖︎12.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Anchor Realty Company against the Bankers' Trust Company.  From a judgment for plaintiff, and an order denying defendant's motion for the issuance of a commission to take testimony, defendant appeals.  Reversed and remanded.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

White & Case, of New York City (Walter A. Mulvihill, of Brooklyn, of counsel), for appellant.

Hayes & Kerngood, of New York City (Julius Davison and George B. Hayes, both of New York City, of counsel), for respondent.

⚖︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GUY, J. Defendant appeals from a judgment in favor of plaintiff, after a trial without a jury, and from an order denying defendant's motion for the issuance of a commission to take the testimony of a witness outside the state.

The action was brought to recover $320, with interest, claimed to be due on 16 travelers' checks issued by the Whitman County National Bank, of Rosalia, Wash., to one Rudolph Rosenzweig; each check being for $20, drawn on the defendant Trust Company, payable within two days from date of the countersignature of Rosenzweig, and duly accepted before issuance by said defendant company. Said checks were duly countersigned by Rosenzweig to the order of one Bennett, and, after subsequent indorsement, sold and delivered to the plaintiff company for value.

The answer denies that defendant has information sufficient to form a belief as to the various allegations of the complaint, and denies that any sum is now due and owing from defendant to the plaintiff, and sets up as separate and distinct defenses: First, that the countersignature of Rosenzweig was obtained by fraud, with notice thereof to plaintiff, before parting with value for said checks; second, that said checks were delivered to one Curtis and one Davidson for a special purpose, of which the plaintiff had knowledge, and were diverted from such purpose by them and converted to their own use, with notice to plaintiff of such diversion, prior to the sale and delivery thereof to plaintiff.

[1] Before considering whether or not the judgment in favor of plaintiff is supported by competent evidence, it is necessary to consider the order appealed from, denying defendant's motion for the issuance of a commission to take the testimony of Rosenzweig. The rule is well recognized that it is mandatory upon a Municipal Court judge to grant a motion for the issuance of a commission, provided the moving papers, which include, under section 768 of the Code, the pleadings in the action, made out a prima facie case for the issuance of a commission, and that the evidence sought is material. Oakes v. Riter, 118 App. Div. 772, 103 N. Y. Supp. 849.

[2] The answer alleges knowledge on the part of the plaintiff, prior to the purchase of the checks, that the signature of Rosenzweig, whose testimony defendant desired to take by commission, was obtained by fraud, and that the checks, after being so countersigned, were delivered for a special purpose and diverted therefrom, and that plaintiff, through its president, had knowledge of such fraud and of such diversion of the checks. This answer constituted part of the moving papers, and the evidence of Rosenzweig as to the facts and circumstances under which he countersigned the checks and delivered the same to Curtis and Davidson was material to the issues. The denial of the motion was therefore error, as was the failure of the justice to state the grounds for such denial. John J. Daly Iron, Steel & Metal Co. v. U. S. Metal & Mfg. Co., 76 Misc. Rep. 576, 137 N. Y. Supp. 150.

The judgment and order must therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event, and motion for commission granted. All concur.