John Moak, Plaintiff, *v.* Twenty-third Ward Bank et al., Defendants.

(Supreme Court, Bronx Special Term for Trials, July, 1917.)

Negotiable instruments — where delivery of, is procured by fraud — bills, notes and checks — burden of proof — indorsement and delivery — judgments — equity.

Where the delivery of a negotiable instrument to the original holder is procured by fraud the burden of proof is upon subsequent holders to show that they are free from actual or constructive knowledge of the fraud and that they are purchasers for value.

When circumstances are sufficient to put on inquiry the holder of a negotiable instrument, having no actual knowledge or notice of a defect in the title, he is chargeable with knowledge of all the facts that such an inquiry would have revealed.

A check for $1,950 made by plaintiff to the order of defendant W was indorsed and delivered by him to defendant B who indorsed and deposited it in the defendant bank for collection. Upon the face of the check was written in ink "Submitted with bid on Haiti-San Domingo Bldg.," and upon the back were indorsed the names of W, B and one McK in addition to the

stamp of the defendant bank and that of the bank through which the check passed before it was paid by the bank upon which it was drawn. The impression of a seal was superimposed on the indorsement of W bearing in the outer circle the words " Republic of Haiti, Richard B. Whitlock," and in the inner circle the words " Commercial agent. Commission expires Jan. 1, 1917." The check, with others, was procured by W by writing to contractors in the city in which was the bank upon which the check was drawn stating that the two governments he represented contemplated the erection of a building at the Panama-Pacific Exposition and that the checks sent on represented a certain per cent of the bids of the respective contractors for erecting said building. In an action to recover the proceeds of the check made by plaintiff, on the theory that equity should declare a trust therein in his favor, it appeared that W had no authority to represent those governments and that all of the checks were fraudulently procured. The defendant McK claimed to have advanced to W in various payments $1,375 on the faith of the check in suit and plaintiff's counsel urged that the words on the face of the check together with the seal impressed on the back thereof, taken in connection with the fact that the check was made payable to the personal order of W and the further fact that McK knew that W was using the check for his personal purposes, constituted such notice to McK that it could not be said that he advanced the money on the check in good faith. *Held,* that the facts were such as to put McK on inquiry which, if he had made, would have disclosed such information that he would not have paid any money to W; that McK, therefore, should bear the loss and plaintiff is entitled to judgment.

ACTION to determine the title to the proceeds of a certain check and to declare a trust therein in favor of the plaintiff.

George R. Walker (Walter D. Wile, of counsel), for plaintiff.

Frank P. Woglom, for defendant Twenty-third Ward Bank.

J. Wilson Bryant, for defendants McKown and Bryant.

Frank C. McKinney, for defendant The First National Bank of San Francisco.

GIEGERICH, J.   The action is brought to determine the ownership of the proceeds of a check for $1,950, made by the plaintiff to the order of the defendant Whitlock and indorsed and delivered by him to the defendant Bryant, who indorsed and deposited it for collection in the defendant Twenty-third Ward Bank.   The plaintiff seeks to recover the proceeds of the check on the theory that equity should declare a trust in said proceeds in his favor.   The check was drawn on the First National Bank of San Francisco and was certified.   Upon the face of the check there were written in ink the words, " Submitted with bid on Haiti-San Domingo Bldg."   On the back of the check there are indorsed the names of Richard B. Whitlock, David McKown and J. Wilson Bryant, in addition to the stamps of the two banks, the Twenty-third Ward Bank and the American Exchange National Bank, through which the check passed before it was ultimately paid by the San Francisco bank upon which it was drawn.   Upon the back of the check there is the impression of a seal superimposed on the indorsement of Richard B. Whitlock, bearing upon the outer of the two concentric circles of the seal the words, " Republic of Haiti, Richard B. Whitlock," and in the inner circle the words, " Commercial agent.   Commission expires Jan. 1, 1917."   Whitlock procured the check in question, with a considerable number of others, by writing to contractors in the city of San Francisco, stating that the two governments he represented contemplated the erec-

tion of a building at the Panama-Pacific Exposition, and the checks sent on represented ten per cent of the bids of the respective contractors for erecting the building required. As a matter of fact, Whitlock had no authority to represent those governments, and the checks were fraudulently procured. The defendant McKown claims to have advanced to Whitlock in various payments the sum of $1,375 on the faith of the check which Whitlock had previously indorsed and delivered to him. The plaintiff's counsel urges that the words on the face of the check, together with the seal impressed upon the back thereof taken in connection with the fact that the check was made payable to Whitlock's order personally, and the further fact that the defendant McKown knew that Whitlock was using the check for his personal purposes, taken together, constitute such notice to McKown that it cannot be said that he advanced money on the check in good faith. There is no serious question between the parties as to the law applicable to the case. Both sides recognize that it is well established that where fraud is shown in the manner in which a negotiable instrument is procured to be delivered to the original holder, subsequent holders have the burden of proving that they are free from actual or constructive knowledge of the fraud, and that they are purchasers for value. The plaintiff cites in support of this principle *First National Bank* v. *Green,* 43 N. Y. 298; *Vosburgh* v. *Diefendorf,* 119 id. 357; *Canajoharie Nat. Bank* v. *Diefendorf,* 123 id. 191; *American Exchange Nat. Bank* v. *New York Belting & P. Co.,* 148 id. 698; *Warnock Uniform Co.* v. *Garifalos,* 170 App. Div. 675; Neg. Inst. Law, § 98; Daniel Neg. Inst. (6th ed.) §§ 815–819; *Anchor Realty Co.* v. *Bankers Trust Co.,* 93 Misc. Rep. 64. Another principle which has application in this case is that the holder of a negotiable instrument who has no

actual knowledge or notice of a defect in the title, or other equities between the parties, when circumstances come to his knowledge sufficient to put him upon inquiry, is chargeable with knowledge of all the facts that such inquiry would have revealed. *Gerard* v. *McCormick*, 130 N. Y. 261; *Cheever* v. *Pittsburgh, S. & L. E. R. Co.*, 150 id. 59, 67; *Rochester & C. T. R. Co.* v. *Paviour*, 164 id. 281; *Citizens' Bank* v. *Rung Furniture Co.*, 76 App. Div. 471; *Cohnfeld* v. *Tanenbaum*, 176 N. Y. 126; *Ward* v. *City Trust Co.*, 192 id. 61; *Empire State Surety Co.* v. *Nelson*, 141 App. Div. 850; *Royal Bank* v. *German-American Ins. Co.*, 58 Misc. Rep. 563. In this case, the facts were such as to put the defendant McKown upon inquiry and, if he had made inquiry, he would have obtained such information that he would not have paid any money to Whitlock. He is the one, therefore, who should bear the loss. In connection with the question whether the facts were such as to put McKown upon inquiry, special mention ought to be made of the improbability of the explanation given by Whitlock to McKown as to how he came to possess the check. That explanation was that he and Monk had been in copartnership, and that upon dissolution of that copartnership Monk had turned over to him this check as his share of the profits. McKown could not explain, however, why it was, if this check was made out to Whitlock by Monk to pay a share of the firm profits, that it bore the words, "Submitted with bid on Haiti-San Domingo Bldg.," nor, on the other hand, why it was, if the check had been sent as a deposit on a bid by the firm or by Monk to erect that building, that it was made payable to Whitlock instead of to some one representing these governments. The same result in favor of the plaintiff follows if this case is rested on the authority of *Bryant* v. *Century Bank*, 155 N. Y. Supp. 1010. That

case involved checks obtained by Whitlock in the same manner as in the present action. The court held that Whitlock's means of obtaining the checks constituted common-law larceny, and that a purchaser of such checks, even in good faith and for value and without notice of defect in the title of the vendor, could not obtain a good title as against the true owner. My conclusion is that there should be judgment for the plaintiff as indicated in the plaintiff's requested conclusions of law, all of which have been found by me. The requests for findings of the respective parties have been passed upon as indicated on the margins thereof. Submit for my signature, upon two days' notice of presentation, a decision embodying without change of language all findings made by me, with proof of service.

Judgment accordingly.