LAVERN H. LINDSTROM, Plaintiff, *v.* BANK OF JAMESTOWN, Defendant.

County Court, Chautauqua County, February 15, 1935.

*Harry M. Young*, for the plaintiff.

*Jackson & Durkin* [*Clarence Pickard* of counsel], for the defendant.

PATTERSON, J. This action was brought to recover the sum of $348.04 deposited in the defendant bank by Eva Lindstrom, the wife of plaintiff, on February 26, 1934, and which the plaintiff claims was his money. The evidence shows that about the 3d or 4th day of February, 1934, plaintiff received a bonus check or draft for $548.04 issued by the United States Treasury payable to his order; that some time thereafter he indorsed it in blank and left it in the envelope in which it was received in the pocket of a coat hanging up in the house. He and his wife were not living together, but she came there at times, and had some of her belongings there. She came there a day or two before March 5, 1934, during the absence of the plaintiff and packed up some of her things to take away. Plaintiff looked them over and discovered a bank book showing that she had made a deposit in the defendant bank in her own name on February 26, 1934, amounting to $398.04. He then looked for his bonus check or draft and found the envelope in his coat pocket where he had put it but the

check or draft was gone. He never turned the check or draft over to his wife or any one else and it was taken without his knowledge or consent.

On March 5, 1934, plaintiff took the bank book to the cashier of defendant and was directed to Mr, Johnson, an officer of the defendant. He showed Mr. Johnson the notice which had accompanied the check when he received it, showed him the bank book issued in his wife's name, and informed Mr. Johnson that the check had been taken out of the envelope in his coat pocket without his knowledge or consent and that the check and the proceeds on deposit were his and did not belong to the person who had deposited it. Mr. Johnson then told plaintiff that as he knew the circumstances the money would not be turned over to either plaintiff or his wife until it was thrashed out. On the same day, March 5, 1934, plaintiff delivered to defendant a letter stating that the money so deposited by his wife on February 26, 1934, belonged to him and in said letter notified defendant not to turn that money over to any one except himself. On March 22, 1934, there was still on deposit the sum of $398.04 in the defendant bank which was part of the proceeds of the check or draft belonging to plaintiff and on that day the wife of plaintiff served a written demand on the defendant for the money in question and it was paid over to her on the next day.

The evidence is undisputed that the sum of $398.04 deposited by the wife of plaintiff on February 26, 1934, in the bank of defendant was the property of this plaintiff and that the defendant paid it over, with knowledge of those facts and in spite of the demand of the plaintiff, to someone other than the true owner. That being so, the plaintiff is entitled to recover such moneys.

It is well established that so long as money or property belonging to the principal, or the proceeds thereof, may be traced and distinguished in the hands of the agent, or his representatives or assigns, the principal is entitled to recover it, unless it has been transferred for value without notice. (Citing *Van Alen* v. *American National Bank*, 52 N. Y. 1; *Walsh* v. *National Broadway Bank*, 11 Misc. 249; 13 id. 3; *Bryant* v. *Century Bank*, 155 N. Y. Supp. 1010; *Adams Co.* v. *Nat. Shoe & Leather Bank*, 23 Abb. N. C. 172; *Am. Sugar Ref. Co.* v. *Fancher*, 145 N. Y. 552.)

In *Van Alen* v. *American National Bank* (*supra*) the court said (at p. 6): " When * * * the bank was notified that the money actually belonged to the plaintiff, it did not lie in its mouth to set up a want of privity. Privity has nothing to do with the question. The bank had the plaintiff's money and gave its obligation in form to another person, but the obligation was in fact owned by the

plaintiff and he can enforce it. * * * The plaintiff owned the obligation, and had the same right to recover it as he would if the person had possession of his horse and refused to deliver it on demand."

By express provision of the Banking Law the defendant could have protected itself by refusing to pay the money to the wife of the plaintiff, and, if sued, could have had the adverse claimant made a party to the action to recovery, and upon paying the money into court could have been relieved of all liability. (Banking Law, § 113; *Scheffer* v. *Erie County Savings Bank*, 229 N. Y. 50, 53.)